## BUNN v. PRITCHARD.

It is error to refuse leave to a plaintiff in a suit commenced by attachment, to amend his affidavit for the writ, or to quash the attachment, on the ground of a defect in the affidavit, which is the result of oversight, and which the plaintiff asks leave to amend.

Where an attachment was sued out on the ground that the defendant had property, goods, &c., not exempt from execution, which he refused to give either in payment or security of the debt, and the word "*not*," between "goods, &c.," and "exempt," was omitted by oversight; and

where the court dissolved the attachment, on account of the defect in the affidavit, although the plaintiff asked leave to file an amended affidavit, as soon as the defect was discovered, which leave was refused. *Held*, That the court erred in refusing the plaintiff leave to amend the affidavit, and in quashing the attachment.

*Appeal from the Polk District Court.*

SATURDAY, APRIL 10.

Suit by attachment. In the affidavit for the writ, the word "not" was omitted, in stating as the cause for which it was prayed that the attachment might issue, that the defendant had property, goods, &c., *not* exempt from execution, which he refused to give either in payment or as security of the plaintiff's debt. The court dissolved the attachment on account of the defect in the affidavit, although it was shown to have been the mere oversight of the attorney in preparing the papers; and notwithstanding the plaintiff prayed leave to file an amended affidavit, and to rectify the defect, as soon as the same was discovered.

STOCKTON, J.—The refusal of the district court to permit the plaintiff to amend his affidavit, and the order quashing the attachment, were erroneous, and must be reversed. Code, sec. 2511; *Brock* v. *Manatt*, 1 Iowa, 128; *Graves* v. *Cole*, 1 G. Greene, 405.

Judgment reversed.