## ADOLPH COHEN v. C. B. TROWBRIDGE.

### CASE ON "STIPULATION."

1. PRACTICE—JURISDICTION. *When proceedings dismissed.* This court cannot take cognizance of a case not brought before it by regular process of law, nor in conformity with any of the statutes regulating the manner of bringing cases into this court. Cases not so brought are irregularly here, and must be dismissed for want of jurisdistion.

### CASES ON "PETITION IN ERROR."

2. CONSTRUCTIVE SERVICE—*Insufficiency of Notice.* A notice of publication in a suit in which land has been attached, which notice describes the land as "the northeast quarter of section nine, township five, range eighteen," without stating whether it was range *east* or *west* of the sixth principal meridian, or in any other way indicating whether it was one or other of two tracts, is not sufficiently certain; and the judgment rendered on such publication was properly set aside.

3. APPEARANCE—*When Special, and when General.* A motion in a cause based wholly on an alleged want of jurisdiction is not an appearance generally, or a waiver of any irregularity in the proceedings by which a party is attempted to be brought into court; but a motion, grounded wholly or in part upon error in the judgment, or upon irregularities, aside from the question of jurisdiction, is such waiver as constitutes an appearance.

4. ———— *Time to Answer.* Where the notice of publication is insufficient, and on motion the judgment is set aside, and the motion is of such character as to constitute an appearance, it is error to give judgment immediately, and without giving the defendant time to answer.

## *Error from Leavenworth District Court.*

THE plaintiff *Cohen* recovered judgment against *B. L. Burris* and *C. B. Trowbridge*, jointly. Lands of *Trowbridge* were sold to satisfy the judgment; subsequently the judgment and sale were set aside, and a new judgment entered. *Trowbridge* and *Cohen* both complained of the action of the district court, and the errors complained of have been brought here in three separate proceedings—first, by *both parties*, on stipulation, which proceeding was dismissed for want of jurisdiction; and then, by *each party*, separately and regularly, by peti-

25

tion in error. For convenience the three cases in this court are reported together.

The facts as shown by the record are as follows : *Cohen* brought an action in the Leavenworth District Court on two promissory notes signed by the firm of *Burris & Trowbridge.* Petition was filed February 20, 1869; personal service was made on defendant *Burris*, in Leavenworth county; an affidavit for attachment was filed as against *Trowbridge;* an order of attachment was issued to Leavenworth, and one to Atchison county. No property was taken in Leavenworth county. In Atchison a quarter section of land was taken on attachment as the property of *Trowbridge.* There was no personal service on *Trowbridge.* An affidavit for publication was filed and a notice signed by plaintiff's attorneys was published the proper length of time—which notice, after the caption and title, is as follows:

" The defendant Charles B. Trowbridge will take notice that he has been sued, and must answer the petition of the plaintiff filed herein on or before the 23d day of April, 1869, or the petition will be taken as true, and judgment rendered accordingly, for the sum of $1,569.35, with interest at the rate of ten per cent. per annum from January 19th, 1866, and an order of sale of the following property attached as the property of said Charles B. Trowbridge, to-wit: the northeast quarter of section nine, town five, range eighteen."

On April 24th, 1869, default and judgment were entered against both defendants, and an order of sale of property attached was awarded. The sheriff of Atchison county sold said attached property under an order of sale, and made return thereof.

On August 20th, 1869, defendant *Trowbridge* moved the court to set aside the judgment, sale, and proceedngs of the sheriff in said cause, because—" 1. The affida-

" vit for attachment is defective. 2. The affidavit for " publication is defective. 3. The publication notice is " defective. 4. The said defendant has never been legally " served with process in said cause, nor has he waived " the service of process. 5. The sheriff failed to make " return of execution within sixty days. 6. The sheriff did " not offer the property attached for sale at public auc-" tion. 7. The said defendant had no interest in the " property taken in the said proceedings of attachment. " 8. The said defendant was a legally discharged bank-" rupt under the act of Congress of March 2, 1867, at the " time of the commencement of said cause by the said " plaintiff, and that the said cause of action, if any, " accrued before the filing of his petition in bankruptcy."

The court, when said motion was regularly reached (and more than twenty days after it was filed,) sustained said motion on the ground that the publication was ir-sufficient to sustain a default, and refused to confirm the sale. Plaintiff excepted.

Plaintiff then and there moved for default and judg-ment, on the ground that defendant Trowbridge had by making said motion, entered an appearance in said cause; whereupon default and judgment were entered by said court against said defendant Trowbridge, to which ruling of the court defendant Trowbridge excepted.

## I.—CASE ON " STIPULATON."

On the 16th of March, 1870, David J. Brewer, attorney for *Cohen*, and Byron Sherry, attorney for *Trowbridge*, signed a stipulation, and verified the same by affidavit, alleging substantially the foregoing statement of facts, and filed said stipulation in this court. No transcript of the record was filed with or set forth in said stipulation; but referring to the agreed statement of facts, the stipula-

tion says, "the parties hereto submit the same to the "supreme court for its determination."

The proceedings so instituted were dismissed, the court assigning its reasons for such dismissal, as follows:

*By the Court,* KINGMAN, C. J.: This is an agreed statement of the rulings and decisions of a cause said to have been

1. PRACTICE—Jurisdiction Causes irregularly brought to this court will be dismissed.

tried in the District Court of Leavenworth county. It does not purport to contain the record of a case or judgment, and is not cer-. tified by the clerk of the court below, as correct. Nor is there any petition in error in the cause. The agreed statement is verified by the affidavit of the attorneys. The affidavit contains also an averment that the controversy is in good faith.

This court cannot take ·cognizance of the case, as it is not brought before it by regular process of law, nor in conformity with any of the statutes regulating the manner of bringing cases into this court. We can decide nothing in such a case, and can enter no judgment, except to order the case to be dismissed, which is accordingly done. All the Justices concurring.

## II.—CASES ON "PETITION IN ERROR."

The case on stipulation being dismissed in accordance with the foregoing opinion, *Cohen* and *Trowbridge* respectively filed petitions in error—*Cohen* complaining because the court below sustained the motion to set aside the first judgment and the sale and proceedings thereunder, and *Trowbridge* complaining because the court below held that his motion to set aside the sale, etc., constituted "an appearance" to the action, and thereupon rendered a second judgment against him. These two cases were heard and considered together.

*Pendery & Brewer*, for plaintiff Cohen:

1. The court erred in setting aside the judgment and sale. The "notice" was sufficient. Any description of property attached is superfluous. The *action* is one simply for "money," and the *judgment* is for "money." The *attachment* proceeding is entirely auxillary.

Can the "order of sale" which follows the judgment for money be considered technically as a part of the judgment? A judgment is "the final determination of the rights of the parties." The only thing determined by this judgment, was, that Trowbridge was indebted to Cohen. That Trowbridge owned the property attached, was not decided. The nature or extent of his interest therein was not determined. The order of sale following the judgment, does not describe the property attached; and in this it accords with the general practice in the First District, and the universal practice, so far as we have been able to ascertain, where large amounts of personal property are attached. When debts or obligations are garnisheed, must the nature, extent and amount of such debts or obligations, and the names of the garnishees be stated in the notice? 33 Barb., 71; 3 Wallace, 704; 9 Ohio St., 394; 3 Kas., 230.

The language of the Ohio Code differs from ours in regard to what the "notice" must contain; Ohio Code, (Seney,) § 72; Kansas Code, § 74, (Gen. Stat., p. 643.) The decisions cited in Seney are simply instances of judicial legislation.

2. If it were necessary to insert in the notice a description of the property attached, we submit that the description was sufficient. Township 5, range 18 *west*, being far beyond the settlements, in a county (Phillips) unorganized, attached to no county for judicial purposes, in a

region of country where no titles had passed from the general government, the debtor, Trowbridge, could not have been misled as to the property attached. No intervening rights are presented—no one is injured.

3. Personal service having been made on one of the defendants in Leavenworth county, the district court of that county had jurisdiction of the action. Gen. Stat., p. 640, §§ 55, 60; p. 665, § 194.

4. The second judgment was rightly rendered. An appearance by a party defendant, unless limited in its terms, is a general appearance, and waives all necessity of service of process. Gen. Stat., p. 642, § 67.

Filing a motion to set aside a sale, alleging several different grounds therefor, is a general appearance, and brings the defendant into court. 11 Ohio St., 503; 1 Allen, 371; 9 Iowa, 418; 4 Cal., 307; 15 Ind., 194; 33 Ill., 518; 2 Kas., 410; 5 Missouri, 443; 4 Barr, 296.

After a party defendant has entered his appearance, in a cause, he has twenty days in which to answer, and failing to answer in that time, is in default, and judgment may be entered accordingly. Code, Gen. Stat., § 67; p. 650, § 105.

The motion to set aside the sale, etc., was filed Aug. 29th, 1869. That constituted an *appearance*. More than " twenty days " elapsed before the judgment now complained of was rendered.

*Sherry & Helm*, for defendant Trowbridge:

1. The notice by publication contains no description of the property sought to be affected. Section 74 of the Code, provides that the publication notice shall state, among other things, " the nature of the judgment prayed for." This section is taken from the Ohio Code, and the

decisions in that State all go to the effect, that notice to non-resident defendants by publication, must contain a pertinent description of the property sought to be affected, whereby the party would be more apt to receive *actual notice.* Seney's Code, p. 87; 1 Handy, 39; 2 Law Gaz., 44; 2 West. Law Mo., 15.

2. The court erred in entering default and judgment against Trowbridge on the ground that he had waived service by his appearance to contest the validity of a judgment already rendered.

It is true, that Rule 30 of the First Judicial District Court provides that "Any defendant may interpose a motion to dismiss for want of jurisdiction, or to set aside summons for defective service, without appearing generally in the suit, provided the notice of motion shall show that such appearance is for such purpose alone, or the fact of such appearance for a special purpose be entered on the minutes of the court." But it will hardly be contended that where a party appears *after judgment* to oppose the confirmation of a sale, that it is necessary to have it stated upon the record that he appears for that purpose only.

3. But if the filing of the motion did constitute a "general appearance," still the court erred in rendering judgment. The court sustained Trowbridge's "motion to set aside" the former judgment, the sale, etc., and then, on motion of Cohen, immediately, and without giving the least opportunity to frame or make a defense to the action, entered the defendant's default, and rendered judgment.

When the court set the judgment and proceedings aside for want of service, the case stood as though no

service had been made, and the party, if in court, was entitled to at least twenty days to file an answer.

The opinion of the court was delivered by

KINGMAN, C. J.: These cases are brought to this court from one action in the district court, each party alleging error. Both cases will be examined together.

I. The notice of publication described the land attached, and for the sale of which judgment was prayed, as "the northeast quarter of section nine, town five, range eighteen." It is not stated in what county the land lies; nor whether it is in range eighteen *east*, or *west*, of the sixth principal meridian, either of which would be in Kansas. The suit was brought in Leavenworth county, where one defendant, Burris, was served with process. The land was attached as the property of Trowbridge in Atchison county.

2. CONSTRUCTIVE service. Sufficiency of notice

The notice of publication was defective. The party attempting to bring another before the court by constructive service ought to state with certainty the nature of the judgment claimed. There was no difficulty in doing so in this case. If courts commence refining upon what may be omitted in such notice, the door will be open to endless construction, and possibly to ingenious subterfuges, by which the notice may be made to mislead instead of putting an absent defendant on his guard. It is said in argument that the court will take notice that the country where the land would lie *west* of the meridian, is wild land, unsurveyed, in an unsettled county. This fact, if it be one, might be ascertained at the proper office. But this is *evidence*, and does not "appear." If the fact were made to appear by proper evidence, we might consider its value. In the rapid extension of settlements in this

state, it would be perilous for any court to say, on its own knowledge, what part of the State was unsettled. The district court was right in holding the notice of publication insufficient.

II. The defendant Trowbridge moved to set aside the judgment and sale, which motion the court granted. By this motion Trowbridge entered on appearance *3. Appearance— when special, or when general.* in the action. In *Marsden, et al. v. Soper,* 11 Ohio St., 503, the judgment was entered without jurisdiction of the person of the defendant. The defendant moved to vacate the judgment, which motion was afterwards dismissed. The grounds of the motion did not appear in the record in the supreme court, yet the court held that by the motion such an appearance was made as waived the objection to the jurisdiction, giving as a reason therefor that "if the motion was based on an alleged *want of jurisdiction,* it would be no such appearance, or waiver; but if it was grounded upon *irregularity, or error in the judgment alone,* aside from the question of jurisdiction, it would constitute such waiver." In Massachusetts a similar ruling was made. After the decision of the case, and before judgment was entered, the defendant made a motion as to the taxation of costs. This was held to be an appearance in the case for all purposes. The court laid down the rule as follows: "It is well settled that a defect of service is waived by a general appearance of defendant, or, if he appears for any other purpose than to object to the sufficiency of the service." 1 Allen, 371. And such is the current of decisions, some of which are referred to in the briefs.

Tested by this doctrine, Trowbridge, by his motion, entered an appearance in this case. The 5th, 6th, 7th and 8th grounds of his motion go to the merits of the

case, and to questions of irregularity in the proceedings, other than jurisdictional ones; therefore it must be held to be such an appearance as waived the defective notice of publication.

III. The plaintiff, when the motion to set aside the judgment and order of sale was sustained, moved for default and judgment against defendant Trowbridge. The court sustained the motion, and judgment was entered against him over his objections. We are clear that defendant was entitled to time to answer. It was neither reasonable nor legal to file an answer while the judgment was still standing against him on the record. It would have been impertinent to have done so. As the case stood, there was nothing to answer until the judgment was vacated. Nor could the defendant be expected to stand with his answer ready. It might never be required. While the motion to vacate was a waiver of the defective service, it was not a waiver of all defendant's rights.

*4. Time to answer must be allowed.*

For this reason the judgment is reversed, with directions to permit an answer to be filed, and such further proceedings thereon taken as shall be in accordance with law.

All the Justices concurring.