HOUGHTON & UPP MERCANTILE CO. vs. DYMONT & LANE, AND RIDGE WHITLOCK.

1. JUDGMENT—*Default—Appearance*—After a general appearance to an action by duly authorized counsel for a party, a judgment will not be set aside for want of summons.

*Error from the District Court of Canadian County.*

Attachment.   Complaint filed July 17, 1891, by The Houghton & Upp Mercantile company against Dymont

& Lane and Ridge Whitlock. Judgment for plaintiffs. Ridge Whitlock moves the court to set aside judgment against him. Motion overruled. Whitlock brings error. Affirmed.

·*C. H. Carswell* for plaintiff in error.

*Blake, Denton & Blake* for defendant in error.

The opinion of the court was delivered by

SCOTT, J.: This is an attachment proceeding filed in the district court of Canadian county on the 17th day of July, 1891, by The Houghton & Upp Mercantile company against Dymont & Lane and Ridge Whitlock. The complaint alleges that the firm of Dymont & Lane is composed of Walter Dymont, Thomas Lane and Ridge Whitlock; that said firm is indebted to them in the sum of $254.50 as evidenced by check, a true copy of which is attached to said complaint and made an exhibit thereto; that the proceeds of said check were used for the benefit of the firm of Dymont & Lane, the said defendant Dymont participating in the use and benefit thereof equally with said Thomas Lane; that no part of said check has been paid; that the said Houghton & Upp Mercantile company is the lawful owner and holder of said check, etc.

Judgment for the sum named is prayed for against said Dymont & Lane and Ridge Whitlock.

This is the check :

"Exhibit A."

"$250.00.                              December 15, 1890.
"Red River National bank of Gainesville, Texas:

·'Please pay to the order of Thomas Lane two hundred and fifty dollars.            ELLA WEST."

"Protest for non-payment. Signed, James H. Whitfield, Notary Public, Gainesville, Cook county, Texas, January 7, 1891. Endorsed on back as follows:

"Pay Midland National bank, Kansas City., Mo., or

order, for collection, for account of the Strong & Ross Banking Co., Arkansas City, Kansas, Howard Ross, Cashier.

"Thomas Lane, Ridge Whitlock, pay to Strong & Ross Banking Co., or order, Houghton & Upp."

The affidavit for attachment states that the claim sued for is for money due upon a check accepted and cashed by the Houghton & Upp Mercantile company; that the claim is just; that said Walter Dymont and Thomas Lane are non-residents of Oklahoma Territory, and are about to remove their property subject to execution out of the territory, not leaving therein enough to satisfy the claim of the said Houghton & Upp Mercantile company, or the claims of their other creditors.

Bond was filed and approved by the clerk of the court on the same date and a writ of attachment issued commanding the sheriff of Canadian county to attach the goods, chattels, etc., of Dymont & Lane and Ridge Whitlock. The writ was executed on the 7th day of August, 1891, by levying upon three hundred head of cattle in the possession of James Jones, the property of Dymont & Lane, as shown by the sheriff's return.

The record does not disclose that summons was ever issued, but summons by publication is sought, upon affidavit filed by W. S. Upp, alleging, simply, that Walter Dymont and Thomas Lane to be non-residents of Oklahoma Territory, and their residence to be unknown to him. No reference is made to Ridge Whitlock in the affidavit. No proof of publication is shown in the record, and no evidence of service on the plaintiff in error is disclosed, or no record of a general appearance or waiver of summons.

Judgment *in personom* was rendered against Walter Dymont, Thomas Lane and Ridge Whitlock by default on the 10th day of December, 1892, for the sum of

$288.82 and costs, the attachment having been dissolved on the 2d day of January, 1892, previously. On May 1, 1893, Ridge Whitlock filed a motion, supported by affidavit, praying that the judgment rendered against him be set aside.    The parties appeared and a trial of the facts alleged in the motion and affidavit was had on the 4th day of May, 1893, the motion was overruled, and time given to make and file a bill of exceptions.   A bill of exceptions was signed and approved on the 31st day of May, 1893, and filed in this court on the 2d day of May, 1894, and is before us solely on the one proposition, as to whether the court erred in overruling the motion of the plaintiff in error to be relieved of the judgment rendered against him as the record in the case discloses.

We are satisfied that the court below committed no error in overruling the motion of plaintiff in error to set aside the judgment.   We think that Whitlock's appearance as one of the "defendants" in the motion to discharge the attachment was an appearance to the merits of the action sufficient to give the court jurisdiction.   Whitlock, in his affidavit attached to his motion to set aside the judgment, did not say that the attorneys who represented him in the motion to dissolve the attachment were not authorized to do so, and it must stand presumed that the attorneys who filed that motion were duly employed by him to file the motion, and his appearance was entered and the court acquired jurisdiction.   Notwithstanding that there was no summons ever issued to Whitlock, and that his name was not mentioned in the service by publication with the other defendants, yet he was one of the defendants in the action and his appearance in the motion to discharge the attachment was a sufficient appearance for the court to acquire jurisdiction over him, and the rendition of judgment against him was not error.   The court, in overruling the motion to

set aside the judgment, committed no error. The judgment of the lower court is affirmed.

By the court: It is so ordered.

Justice Burford not sitting; all other Justices concurring.