## Osie Raymond v. Nix, Halsell & Company.

1. MOTION TO DISSOLVE ATTACHMENT—*General Appearance.*   Where a defendant appears in court and moves to dissolve the attachment on the merits of the proceedings, such as the insufficiency of the attachment affidavit, he enters a general appearance in the case, and thereby waives all objections to the service on him in said case, and to the jurisdiction of the court over the person of the defendant.

2. ACTION—*When Commenced.*   An action is commenced when plaintiff files his petition and causes a summons to issue thereon, or when, in an attachment proceeding, he files an affidavit for publication, which is thereafter made good by pursuing the requirements of the statute, or where the regularity of the subsequent proceedings are waived by the entry of the defendant's appearance within sixty days.

3. ATTACHMENT ORDER—*When May Issue.*   An attachment order may issue at any time after the action is commenced in the manner above stated.

4. AFFIDAVIT FOR PUBLICATION.   While an affidavit for publication should be filed separately from the affidavit for attachment, the supreme court will not hold it error for the trial court to refuse to dissolve an attachment where the affidavit for attachment may be held good also as an affidavit for publication.

5. SAME.   An affidavit for publication which states defectively, but inferentially, the things required by the statute, is voidable but not void, and the defects may be cured by amendment; and where the defendant enters a general appearance in the case without first attacking the service by publication, on the ground of the defect in the affidavit for publication, he waives such defect.

6. ATTACHMENT—*Grounds for.*   An attachment in this territory may be based on both of the grounds, that the defendant so conceals himself that a summons cannot be served upon him, and that the defendant is a non-resident of the territory.

7. PROBATE COURT—*Attachment—Order to Levy on Lands and Tenements not Void.*   Without expressing an opinion at this time as to whether or not in an action in a probate court, in this territory, lands and tenements of a defendant may be attached, it is held that even if such property could not be attached in such a proceeding that part of the order of attachment which directed the sheriff to levy on the lands and tenements of the defendant was surplusage, and void, the order also directing the sheriff to seize the personal property of the defendant.

8. ORDER OF ATTACHMENT—*Return Day*. An attachment order is not void because the sheriff is not directed to return it in ten days, but is directed to "make due return of this order, with your proceedings thereon, when fully executed or discharged."

*Error from the Probate Court of Pottawatomie County.*

Suit on account, with attachment. Judgment for plaintiffs, from which defendant appeals. Affirmed.

*B. B. Blakeney*, for plaintiff in error.

*Cotteral & Hornor*, for defendants in error.

The opinion of the court was delivered by

BIERER, J.: Nix, Halsell & Co., a partnership engaged in the grocery business at Guthrie, Oklahoma, brought their action in the probate court of Pottawatomie county against the defendant, in the name of Osie Griffinstein, but who, the petition alleged, had been married, and whose real name was unknown, to recover upon an account for goods, wares and merchandise sold and delivered to her in the sum of $440.51, with interest and costs. An attachment was had, and on the trial of the case judgment was rendered for plaintiffs for the amount of the account, interest and costs, the attachment sustained, and the personal property levied on ordered sold to pay the judgment. From this judgment the defendant appeals.

Assignments of error are based on the action of the court in overruling defendant's motion to set aside the service by publication, and also her motion to dissolve the attachment. The petition and other papers hereafter to be noticed were filed in the case on the eighteenth day of February, 1895, and the attachment order issued on that day. On the fifth day of April, 1895, the defendant filed her motion to dissolve

42—v.

the attachment on numerous grounds, including, as will hereafter be seen, objections to the sufficiency of the attachment affidavit. This was on the twelfth day of April, 1895, overruled, and the motion to set aside the service by publication was not filed until the fourth day of May, 1895. In this latter motion the defendant sought to test the sufficiency of the affidavit for publication because it did not show that the case was one in which service by publication could by had, and objected to the notice because it did not describe the property attached, and did not show the nature of the judgment which the plaintiff sought in the action, and because it did not have the seal of the court attached thereto. The motion to discharge the attachment was upon jurisdictional and non-jurisdictional grounds, and while it stated that the defendant entered a special appearance it also attacked the attachment proceedings by alleging the insufficiency of the attachment affidavit. This was an objection to the merits of the attachment, and was a general appearance in the action; and the plaintiff thereby waived any objections which she might have relied upon had she objected, and on that sole ground, to the jurisdiction of the court over the person of the defendant. It is well settled, and particularly so under our code, that when a party attacks a proceeding of a court upon non-jurisdictional as well as jurisdictional grounds, he has made a general appearance, no matter what kind of an appearance he may state in his motion he makes, and he thereby waives all jurisdictional defects over his person. (*Cohen v. Trowbridge*, 6 Kan. 385; *Burdette v. Corgan*, 26 Kan. 102; *Gorham v. Tanquerry*, [Kan.], 48 Pac. 916; *Houghton v. Dymont & Lane*, 2 Okla. 365).

In the case of *Burdette v. Corgan, supra*, the party made a motion to vacate a judgment, the motion being

based upon non-jurisdictional, as well as jurisdictional, grounds. In the opinion, by Mr. Justice Brewer, it is said:

"A party cannot come into court, challenge its proceedings on account of irregularities, and after being overruled be heard to say that he never was a party in court, or bound by those proceedings. If he was not in fact a party, and had not been properly served, he can have the proceedings set aside on the ground of want of jurisdiction, but he must challenge the proceedings on that single ground. This is familiar doctrine."

The case of *Gorham v. Tanquerry, supra,* is a stronger case on this question than the one at bar. In that case the party raised an objection to the sufficiency of the service by publication at the same time that he presented his motion to discharge the attachment. In the opinion the court says:

"The trial court held that, while the service was not good, the defendants below had, by their motion, waived the service, and had submitted themselves to the general jurisdiction of the court. The ruling meets our approval. A motion made by defendants for the special purpose of contesting the jurisdiction of the court does not waive notice nor confer jurisdiction, but, if he appears for any other purpose, it will be construed to be a general appearance in the case, and to give the court jurisdiction over him. In the early days of *Cohen v. Trowbridge,* 6 Kan. 385, it was held that a motion grounded wholly or in part upon errors or irregularities aside from the question of jurisdiction is such waiver as constitutes an appearance. Here the defendants did not confine themselves to questions of jurisdiction, but grounded their motion in part upon errors and irregularities in the proceedings. They invoked the opinion of the court as to whether the affidavit upon which the attachment was based was sufficient."

In *Houghton v. Dymont & Lane, supra,* the defendant,

Whitlock, made a motion to set aside the judgment which had been rendered against him. The overruling of this motion was assigned as error, and in passing upon the question, this court said:

"Notwithstanding that there was no summons ever issued to Whitlock, and that his name was not mentioned in the service by publication with the other defendants, yet he was one of the defendants in the action and his appearance in the motion to discharge the attachment was a sufficient appearance for the court to acquire jurisdiction over him, and the rendition of judgment against him was not error."

This doctrine is also supported by the case of *Gans v. Beasley*, 4 N. Dak. 153, 59 N. W. 719. The defendant must, therefore, be held to have waived any question as to the sufficiency of the service by publication, so far as jurisdiction over her is concerned.

In support of the claim that error was committed in overruling the defendant's motion to dissolve the attachment, it is contended that the attachment order was issued before the action was commenced, and that therefore it was void. Section 190 of the code of civil procedure provides:

"The plaintiff in a civil action for the recovery of money may, at or after the commencement thereof, have an attachment against the property of the defendant, and upon the grounds herein stated." * *

And under such a statute it has been held that an attachment order issued before the action was commenced was void. (*Low v. Henry*, 9 Cal. 538; *Kellar v. Stanley*, [Ky.], 5 S. W. 477).

In the case of *Dunlap v. McFarland*, 25 Kan. 488, it was taken as a matter of course that an attachment could not be issued before the action was commenced. But

was this attachment issued before the action was commenced?

Section 57, of the code of civil procedure, provides that:

"A civil action may be commenced in a court of record, by filing in the office of the clerk of the proper court a petition and causing a summons to be issued thereon."

Sections 72 to 75 of the code of civil procedure provide for service upon the defendant by publication.

In *Bannister v. Carroll*, [Kan.], 22 Pac. 1012, where the supreme court of Kansas reversed the trial court for dissolving an attachment because no summons was issued in the action before the order of attachment was issued, a similar contention to that made by plaintiff in error here was urged, and it was held that a suit is commenced when the petition, bond for costs, and affidavit for publication are filed, and that "the proper construction to be given to § 57 of the code is that, when a petition is filed and a summons served, or the first publication is made within 60 days, such service or first publication relates back to the time of the filing of the petition and præcipe and other necessary papers, and by such relation the suit is to be deemed to have been commenced at the date of their filing."

The language used by that court with reference to the præcipe for publication summons we do not consider of any importance. It was used in that case, no doubt, because the record showed that such a præcipe was filed, and not as being one of the necessary prerequisites of service by publication, for the statute does not require any præcipe for such service. The necessary papers referred to also, in the part of the opinion given, were undoubtedly the petition, bonds for costs and affidavit

for publication, for the summons by publication was no part of the papers to be filed with the clerk. It must be taken as settled, then, that an action under our code, which is the Kansas code, may be commenced by filing a petition and procuring a summons to be issued, or by filing a petition with an affidavit for publication, where the service by publication is duly perfected, by commencing the publication of such notice within sixty days after the filing of the petition.

It is contended, however, by plaintiff in error, that even under the authority of the case of *Bannister v. Carroll*, this case was not commenced until three days after the order of attachment was issued on April 18th, for the reason that the affidavit for publication was not filed until February 21st. It does appear that an affidavit for publication, that is, a paper by that name, was not filed until the latter date. The defendant in error, in answer to this objection, claims that the affidavit for attachment, which was filed on February 18th, contains all the necessary ingredients of an affidavit for publication, and that this should be taken as supplying the place of an affidavit for publication.

· The statute provides, in cases like this, for an affidavit for attachment and an affidavit for publication, and good practice would dictate that these affidavits be made separately, and they ought to be so made; but the objection which is here asserted to the attachment proceeding is not one that goes to the merits of the litigation between these parties. In other words, the objection is a technical one, and where the rights of parties are involved we do not believe that a litigant should be defeated in his right, and a substantial portion of his cause dismissed, in order that we may insist upon technical correctness, or even good practice. If what has

been done may reasonably be held to be all that was required to be done to comply with the statute, even though it has not been done in the form that skilled practice would dictate, we believe it should be held sufficient, and the rights of parties protected.

In the case of *Dunn v. Crocker*, 22 Ind. 324, it was held that the grounds for attachment, which are under that code to be set out in the attachment affidavit, may be incorporated and sworn to in the petition.

In *Irwin v. Irwin*, 3 Okla. 186, in which this Indiana case was cited as authority, we held that the jurisdictional facts which were to be shown by affidavit in a divorce proceeding might be set out in a verified petition, and we will hold that the same principle which governed the matter of practice in that case should be made to apply here to prevent the defeat of the just rights of a litigant upon purely technical grounds.

An examination of the affidavit for attachment, considered also as supplying the place of the affidavit for publication, is indeed very defective in the matter of showing that the case is one of those in which service by publication may be had. The affidavit is as follows:

"In the probate court of Pottawatomie county. May term, 1895.

"Nix, Halsell & Company, parties etc., plaintiff, v. Osie Griffenstein, whose married name is to plainaiff unknown, defendant.

Territory of Oklahoma, ⎰ ss.
Pottawatomie County, ⎱

"Frederick King, being duly sworn, says that the plaintiffs in the above entitled action has commenced said action for the recovery of four hundred and 59-100 dollars, against Osie Griffenstein, now married and whose name is to affiant unknown, the defendant in the above entitled cause, who is indebted to the plaintiffs in

said sum for goods, wares and merchandise purchased of plaintiff by defendant and delivered to her. That said claim is just, is due and is wholly unpaid, the amount of which said affiant believes that said plaintiff ought to recover of said defendant, and that said defendant so conceals himself that a summons cannot be served upon him, and is about to convert his property, or a part thereof, into money for the purpose of placing it beyond the reach of his creditors. That defendant is a non-resident of the Territory of Oklahoma.

FREDERICK KING.

"Subscribed and sworn to before me, this 18th day of February, 1895.

[SEAL.]    W. A. RUGGLES, Probate Judge."

The affidavit ought to have set out definitely what diligence had been used to serve summons upon the defendant, and it ought to have set out that what was sought to be done in this case was to attach the property of the defendant, which was located in this territory, and should have stated what that property consisted of.

These matters are exceedingly defectively stated in the affidavit. Indeed, the fact that the proceeding is an attachment to subject the property of the defendant, in this territory, to the payment of the plaintiff's claim, or that the defendant, indeed, has any property at all in this territory, can only be drawn from inference from the affidavit. Something, however, with reference to these subjects, is stated in the affidavit, although only inferentially, and not by very strong inference at that; but it is inferentially stated, and the affidavit is therefore not void but only voidable. (*Ogden v. Walters*, 12 Kan. 282; *Pierce v. Butters*, 21 Kan. 124; *Long v. Fife*, [Kan.], 25 Pac. 594; *Shippen v. Kimbal*, [Kan.], 27 Pac. 813).

And the defects in the affidavit could have been cured

by amendment. (*Foreman v. Carter*, 9 Kan. 674; *Pierce v. Butters, supra*).

And as the defendant, by her motion to dissolve the attachment on the merits thereof, entered a general appearance, the defects in this affidavit, treated as an affidavit for publication, were waived, and the defendant cannot now be heard to assert any of these defects.

Another ground for the dissolution of the attachment which the plaintiff in error asserted below, and asserts here, is that the ground of non-residence was not stated in the affidavit for attachment so explicitly as that an order could issue thereon. The contention is that while the affidavit did state that the defendant was a non-resident of the Territory of Oklahoma, it also stated that the defendant so concealed himself (meaning herself) that a summons could not be served upon him (meaning her) and that this allegation was equivalent to an alternative allegation in the affidavit for attachment, and made it uncertain or inconsistent. We cannot agree with counsel in this contention. The statute expressly allows an attachment on the two grounds, among others, that the defendant so conceals himself that summons cannot be served upon him, and on the ground that the defendant is a non-resident of the Territory of Oklahoma, and a party can allege both these grounds in an attachment affidavit without waiving or injuring either claim.

The next contention is that the writ of attachment was void because it commanded the sheriff to levy on the lands and tenements of the appellant. Without determining now whether in an action in the probate court of this territory the lands of the defendant may be attached, it is sufficient to observe that no lands were attached, and even if it were conceded that lands could not be attached

in such a proceeding, this part of the order should simply be treated as surplusage. It did not, in any way, affect any of the rights of the defendant, and did not render the order void. The order did direct the sheriff to seize the personal property of the defendant, and that appears from the judgment to have been all that was seized.

It is further contended that the order of attachment was void because it directed the sheriff to "make return of this order with your proceedings thereon when fully executed or discharged," instead of directing him to return it in ten days. This objection is met by the decision of the supreme court of Kansas in the case of *Smith v. Payton*, 13 Kan. 362, where it is held that:

"Where an order of attachment is issued at the commencement of an action, and the clerk fixes the return day thereof at twenty days from its date, instead of within ten days, as prescribed by law, the order of attachment is not void for that reason, and that the sheriff may serve the same at any time within ten days from its date; and when so served it is error for the court to set aside and vacate such order merely because of such mistake of the clerk in fixing the return day."

The other objections relied on in the brief of counsel go to the sufficiency of the service by publication, and, as we have seen, these objections were waived by objecting to the attachment upon other grounds than to the jurisdiction of the court over the person of the defendant.

The judgment is affirmed with costs.

All the Justices concurring.