CONRAD REISTER AND ELZIABETH REISTER v. JAMES L. LAND.

(Filed March 4, 1904.)

1. **AFFIDAVIT IN ATTACHMENT**—Amendable. An affidavit in attachment which is not void, but merely defective, may be amended the same is any other pleading, process or proceeding in the case.
2. **AFFIDAVIT FOR PUBLICATION SERVICE.** An affidavit for publication service which states defectively but inferentially the things required by the statute, is voidable but not void, and the defect may be cured by amendment.
3. **FINDINGS OF FACT.** This court will not reverse the decision of the district court on a finding of fact, where the evidence reasonably tends to support the finding.

(Syllabus by the Court.)

*Error from the District Court of Payne County; before Jno. H. Burford, Trial Judge.*

*George P. Uhl,* for plaintiff in error.

*Chas. E. Bush,* for defendant in error.

STATEMENT OF FACTS.

This case was commenced in the district court of Payne county, Oklahoma Territory, on the 13th day of January, 1902, by the defendant in error, against the plaintiffs in error, to recover damages in the sum of five hundred dollars, for a breach of covenant in a warranty deed. Plaintiffs in

error being non-residents of the Territory of Oklahoma, service was had upon them by publication. Affidavit for service by publication was filed with the clerk of the district court on the same day petition was filed, and on the same day defendant in error filed affidavit in garnishment; on the 13th day of January, 1902, the clerk of the district court issued a signed publication notice, to Conrad Reister and Elizabeth Reister, defendants, and on the same day the clerk of the district court issued summons in garnishment to the First National Bank of Stillwater, Oklahoma, and on the 17th day of January, 1902, W. E. Hodges, as cashier of said bank, garnishee, filed answer, alleging that said garnishee had in its possession and under its control personal property belonging to Conrad Reister as follows, to wit: Cash in the sum of $36.75 and one promissory note for the sum of $23.45. On the 27th day of February, 1902, the defendants filed motion to challenge the jurisdiction of the court. On the 16th day of May, 1902, plaintiff, by leave of court, filed amended affidavit for service by publication, and on May 29th, 1902, plaintiff, by leave of court filed in said cause amended affidavit in garnishment. On the 29th day of May, 1902, the district court overruled motion of defendants to the jurisdiction of the court, and granted the defendants time to answer. On May 29th, 1903, answer was filed by the defendant, on the same day, plaintiff filed reply. Afterwards this case came on for trial; a jury being waived by both parties, the cause was tried to the court. After hearing the testimony, the court finds for the plaintiff, and renders judgment on said finding for $125.50, to which finding and judgment the defendants except, and bring the cause here for review.

Opinion of the court by

IRWIN, J.: The first assignment of error is:

"The court had no jurisdiction, because the affidavit for garnishment was void, in that it did not state that the amount claimed was over and above all off-sets."

Plaintiff in error insists that this is a mandatory and jurisdictional requirement, and cannot be cured by amendment. It is also urged that if the affidavit is amendable, it cannot be made by an attorney, but must be made by the party. We do not think the first position is tenable; we think a defective affidavit in attachment is subject to amendment the same as any other pleading in the case. In the case of *Baker Wire Co. v. Kingman, et al.* 24 Pac. 476, Judge Valentine, speaking for the Kansas supreme court holds that a defective affidavit in attachment is amendable, and cites as authority for this position, *Burton v. Robinson,* 5 Kan. 287; *Ferguson v. Smith,* 10 Kan. 396; *Wells v. Danford* 28 Kan. 487; *Tracy v. Gunn,* 29 Kan. 508; *Bunn v. Pritchard,* 6 Iowa, 56. And our own supreme court in the case of *Coyle Mercantile Co. v. Nix, Halsell & Co.,* 7 Okla. 267, 54 Pac. 470, puts an affidavit in attachment in the same condition as to amendments as any other process, proceeding or pleading; this court, through Judge Tarsney, says:

"Under our code any pleading process or proceeding, may, by leave of court, be amended, * * * under the provisions of the code an affidavit in attachment may be amended."

So it will be seen by the foregoing decisions that the action of the court in permitting the amendment was correct.

But the plaintiff in error insists that the affidavit could not be made by an attorney. And he cites in support of this

the case of *Barker v. Knickerbocker,* 25 Kan. 201, where it
was held that the attorney could not make the affidavit, and
also the case of *Aiken et al v. Franz,* Kansas supreme court,
reported in the 43 Pac. 306, where it was held that a plead-
ing verified by an attorney, in the absence of the party should
show that the attorney had some personal knowledge of the
facts stated in said pleading. And it is this last clause in
both these decisions which rob them of their force as author-
ity in this case, because in this they differ from the affida-
vit in the case at bar. In the affidavit in the case at bar
it is distinctly stated that the attorney makes the affidavit
from personal knowledge, and thus it comes clearly within
the provisions of section 114 of chapter 66 of the code, and
makes it one of the cases where an attorney may make the
affidavit to the pleading; and section 201 of the same chap-
ter provides that the affidavit may be made by the plaintiff
or some one for him.

The second assignment of error is:

"That the affidavit for publication is void, as not being
in accordance with section 73, chapter 66 of the code, in this,
that it states 'that defendants, after diligent search cannot
be found in Payne county,' instead of stating, 'plaintiff, with
due diligence, is unable to make service of summons upon the
defendants', which latter is the exact language of the code."

The affidavit also states that the defendants were non-
residents of the Territory, and absent therefrom. It is fur-
ther objected that the affidavit does not state that the action
is one mentioned in section 72 of the code. This affidavit
was, by leave of court amended, and made by the amendments
to conform to the requirements of the statute, (See record,
page 14). But it is insisted by plaintiff in error that this

was error, on the part of the court, that such an affidavit is not amendable. Now an examination of this affidavit will show that while it does not contain the exact, precise language of the statute, it does state the substantial requirements of the statute; that is, it states that suit has been begun, the names of the parties, the title of the court and the term, and it also states that the defendants are non-residents of the Territory and are absent therefrom, and by due and reasonable diligence cannot be found in Payne county, and this shows, inferentially, ·at least, that service cannot be had on either of them.

In the case of *Raymond v. Nix et al.,* 5 Okla. 656, 49 Pac. 1111, this court says:

"An affidavit for publication which states defectively but inferentially the things required by the statute, is voidable but not void, and the defects may be cured by amendment. And when the defendant enters a general appearance in the cause, without first attacking the service by publication on the ground of a defect in the affidavit for publication, he waives such defect."

And in the case of *Long et al v. Fife,* reported in 25 Pac. 594, the supreme court of Kansas say:

"Where an affidavit for publication, inferentially, but insufficiently, sets forth a material fact which ought to be expressly stated, the affidavit, if otherwise good, will be held to be merely voidable; and if the fact inferentially and insufficiently stated was in existence at the commencement of the action, the trial court, even after judgment, may allow the affidavit to be amended concerning the matter so inferentially and insufficiently stated, and the affidavit, so amended will relate back to the commencement of the action."

In *Shippin v. Kimble,* 27 Pac. 813, the Kansas supreme court say:

"In an action to foreclose a mortgage, based on service by publication only, the affidavit to obtain the same alleged that personal service could not be made upon the defendant within the state, and that this is an action brought for the recovery of real property under a mortgage situated in said county of Lyon, and it was contended that the affidavit did not sufficiently state the nature of the action, *Held,* That it is imperfect in this respect, but not so defective as to render a judgment based thereon null and void, or subject to a collateral attack."

In the case of *Weaver v. Lockwood,* 43 Pac. 311, the same court say:

"Where an affidavit made to procure notice by publication under section 74 of the code of civil procedure, is merely defective, the defect in the affidavit may be cured by amendment after publication notice has been published."

So it will be seen from these authorities that the court was correct in permitting the amendment.

But it is insisted that the affidavit does not state that it is one of the actions mentioned in section 72. True it does not in the exact words, but a reading of the entire affidavit shows this, and we think it is sufficient. And it is objected that it does not state that the defendants have been sued, but it is admitted that it does state plaintiff has filed his petition. We think this is a distinction without a difference. If there is any difference in the meaning of the two expressions, we fail to see it. The distinction is too finely spun for us. Another objection is that it does not state the nature of the judgment that would be rendered. The language of the affidavit is as follows:

"In the district court of Payne county, Territory of Oklahoma.

"James R. Land, plaintiff,
                vs.
"Conrad Reister and Elizabeth
   Reister, defendants.

                      Affidavit for service by publication.

"Territory of Oklahoma,                    ss
"County of Payne,

"James R. Land being first duly sworn upon oath deposes and says: That he is the above named plaintiff, and that on the 13th day of January, 1902, he filed his petition in the district court of Payne county, against Conrad Reister and Elizabeth Reister, the object and prayer of which are to obtain judgment against said defendants in the sum of $500.00 for damages suffered and sustained by plaintiff by reason of a breach of covenant against encumbrances in warranty deed made, executed and delivered by said defendants to the plaintiff, and conveying to plaintiff the southeast quarter of section thirty, township nineteen, range three east of the I. M. Affiant further states that he has filed in said court his affidavit in garnishment and has procured garnishment process to issue against the First National Bank, a corporation, in the city of Stillwater, in said county, a supposed debtor of said defendants, requiring it to appear before said court and testify as to the property in its possession belonging to and indebtedness owing to said defendants and each of them. Affiant further says that said defendants and each of them are non-residents of the Territory of Oklahoma, and absent therefrom, and that after diligent search they cannot be found in said Payne county.

                                   "J. T. LAND."

"Subscribed in my presence and sworn to before me this 13th day of January, 1902.
[SEAL.]            "C. W. McGRAW, Dept. Dist. Clerk."

Endorsed on the back, filed, etc.

Now this describes the nature of the action with reasonable certainty. We think the affidavit for publication, as amended, complies with all the requirements of section 74 of the code. It is contended by plaintiff in error that the summons in garnishment was void, and gave the court no jurisdiction over the garnishee, but we think this is all cured by the defendants filing answer to the petition without objection to the garnishee summons, or the return thereon, and also by the appearance and answer, without objection, by the garnishee.

It is next contended that the court made a mistake in his findings of fact from the testimony. The record discloses that there is a sharp conflict in the testimony as to whether the land taken by the railroad company, should, or should not have been included in the deed, but, the decision of this question, was, by the acts of the parties themselves, in waiving the jury, placed in the hands of the trial court. He had a chance to see the witnesses face to face, to observe their manner while on the stand, and had many opportunities to determine the weight to be given to the testimony, to determine truth and detect falsehood that we do not have from an examination of the evidence on paper, and the rule of this court is that we will not disturb a finding of fact, where the evidence reasonably tends to support such finding, and we are not prepared to say in this case that it does not do so.

Plaintiff in error insists that as the litigation to determine the compensation for the right of way of the railroad was pending at the time of this conveyance, that it is a violation of section 1850 of the code. This is evidently

a miscitation, and he must refer to section 2025, which makes it a misdemeanor for a person to take any conveyance of lands from a person not in possession, while such lands are the subject of a suit, knowing the pendency of the suit. We hardly think it could be seriously contended that proceedings to secure a right of way for a railroad company, would be the involving of the title in a suit, so as to prevent its alienation, by the owner, as, in such a proceeding, the owner does not part with the title of the land, but only an easement in the land.

We have, now, we think, examined all the errors or alleged errors, complained of, and on an examination of the entire record, we do not think that prejudicial or reversible error has been committed, hence the judgment of the district court is affirmed at the costs of the plaintiff in error.

Burford, C. J., who presided in the court below, not sitting; all the other Justices concurring.