LOWE et al. v. SWINEHART TIRE & RUBBER CO.

(District Court, S. D. New York. February 18, 1914.)

1. ATTACHMENT (§ 251*)—CONCLUSIVENESS OF ADJUDICATION.
    The dissolution of an attachment on motion is not a final adjudication of any fact in the action, even though it depends upon a provisional inquiry into the merits, and involves consideration of matters which would afterwards arise upon the trial.
    [Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 890-892, 896, 898; Dec. Dig. § 251.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. CORPORATIONS (§ 669\*)—FOREIGN CORPORATION—ACTION—SPECIAL APPEAR-
ANCE.

Where defendant, a foreign corporation, appeared specially and procured
the vacation of an attachment on the ground that the attachment papers
did not state a cause of action, it was not thereby precluded from moving
to dismiss the complaint on the ground that the court had no jurisdiction
over defendant; since, while the submission of any point to the decision
of the court gives it power to make that decision finally effective by a
complete disposition, the determination invoked by defendant was one
which, if unsuccessful, would not have been conclusive, and it was there-
fore not in the position of one who invokes the court to decide a point
while reserving the right to make the decision nugatory if unsatisfactory.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2641, 2642;
Dec. Dig. § 669.\*]

At Law. Action by John Z. Lowe and others against the Swine-
hart Tire & Rubber Company. On motions by defendant to dismiss,
and by plaintiff for leave to enter judgment. Motion to dismiss
granted, and motion to enter judgment denied.

The plaintiff began the action by attachment in the state court against the
defendant, a foreign corporation. The defendant, appearing specially for the
purpose, removed to this court, and then moved to vacate the attachment,
upon four grounds: First, that the court had no jurisdiction; second, that
the attachment papers were insufficient; third, that no grounds were shown
for an attachment; fourth, that the moving papers did not set forth a cause
of action. Annexed to the defendant's papers was an affidavit setting forth
matter relevant to the question of damages. Judge Ward vacated the at-
tachment because the papers did not, in several particulars, state a cause of
action. Thereafter the defendant moved to dismiss, and the plaintiff for
leave to enter judgment.

Joseph M. Hartfield, of New York City, for plaintiff.
Stapleton & Briggs, for defendant.

HAND, District Judge (after stating the facts as above). [1] It
would not be asserted, I suppose, that the decision upon the motion to
dissolve the attachment was a final adjudication of any fact in the
action. No one supposes that it dispenses with proof upon the trial,
or that any one may use it to help him out in the contest over the mer-
its of the controversy. All it decides is whether the defendant's prop-
erty shall be held pendente lite and to await the final decision of the
cause itself. It is quite true that that question itself may, and in this
case did, depend upon a provisional inquiry into the merits, and in-
volved consideration of matters which would afterwards arise upon
the trial, but that inquiry and that consideration are informal in char-
acter and inconclusive in effect.

[2] Courts will, of course, not let suitors play fast and loose; they
will not offer themselves for only so long as the result suits the de-
fendant, and so they have jealously insisted that the submission to
their decision of any point in the cause shall entrain their power to
make that decision finally effective by a complete disposition. Such
an implication is necessary to prevent the abuse of the right of re-
course to the courts. We sometimes say that the defendant, by con-
testing a point in the cause, has consented to the jurisdiction, but this

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

is a fiction, as is proved by the fact that the most elaborate precautions to show the contrary do not avail the defendant.

Where, however, the question contested is of the court's having personal jurisdiction, obviously the defendant must have the power to make a contest, or the matter will be taken against him as of course, and so the rule is well settled in such cases. If the question be to release his property from attachment, there are undoubtedly cases which hold that, even for that limited purpose alone, he raises at his peril any question which would be relevant to the main controversy (Raymond v. Nix, 5 Okl. 656, 49 Pac. 1110), yet it seems hardly just to expose a defendant to that choice. The determination which he invokes is not, as I have shown, one which, if unsuccessful, would in any event be conclusive. It would not bind him if he afterwards intervened to contest, nor his property if he allowed a default to be taken, since no determination is in that case necessary. He is therefore not in the position of one who invokes a court to decide a point in the controversy, while reserving his right to make the decision nugatory if it prove unsatisfactory. In the case of Davis v. C., C., C. & St. L., 217 U. S. 157, 174, 30 Sup. Ct. 463, 54 L. Ed. 708, 27 L. R. A. (N. S.) 823, 18 Ann. Cas. 907, the Supreme Court decided that a motion to vacate an attachment supported by three affidavits did not constitute an appearance. It is true that the invalidity of the attachment did not touch the merits; but, as I think I have shown, it never can, since any decision involves only the question of the release of the property from levy. I think that therefore the distinction is not good which would limit the right to vacate the attachment only to questions which will not be considered in disposing of the cause.

The motion to dismiss will be granted; that to enter judgment denied.