## ROBINSON v. BRUCE.

No. 12301—Opinion Filed Jan. 15, 1924.

### Attachment—Amendment of Affidavit—Effect.

Where plaintiff brings action for damages for the destruction of his property by fire, and files his affidavit for attachment under subsection 10, sec. 340, Comp. Stat. 1921, providing for attachments for damages occasioned by the defendant in the commission of a felony or misdemeanor, and an amendment is made thereto, which does not change the cause of action or deprive the defendant of any material right, such amendment relates back to the original affidavit, and if the acts complained of constitute either a felony or misdemeanor, the proof of such act or acts is sufficient to sustain the attachment.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Osage County; Chas. B. Wilson, Judge.

Action by W. P. Robinson against Ray Bruce. Judgment for defendant, and plaintiff appeals. Reversed, with directions.

M. L. Holcombe, D. B. Horsley, and W. H. Bingham, for plaintiff in error.

T. J. Leahy, Swan C. Burnette, and C. S. MacDonald, for defendant in error.

Opinion by RUTH, C. This appeal reaches this court from an action originally filed in the district court of Osage county, by plaintiff in error, against the defendant in error, and seeks to reverse the judgment of the court in discharging an attachment in this case. For convenience, the parties will be designated as they appeared in the court below.

It appears from the pleadings herein that this action was originally filed in the district court of Osage county, on July 19, 1917, to recover judgment for damages occasioned by fire set out by the defendant, whereby the plaintiff's barn, hay, lumber, and shade trees were destroyed, the petition reciting that "the defendant unlawfully, wrongfully, maliciously, feloniously, and with the malicious and felonious intent to injure and damage the plaintiff" set fire to and destroyed the property above referred to, and on the same date plaintiff filed his affidavit for attachment, which was in the following words and figures, omitting the formal parts:

"W. P. Robinson, being sworn, says he is the plaintiff above named; that he has commenced this action against defendant for the recovery of $405 as damages for the malicious and felonious burning and destruction of plaintiff's barn and hay, trees and lumber, which are fully described in the petition herein. That the defendant is indebted to plaintiff in said sum, and said claim is just, due and wholly unpaid"

—and filed his attachment bond, and the attachment was duly issued and levied upon an automobile and return made by the sheriff in due form. The defendant, for his answer, filed a general denial, and further denied each and every allegation in the affidavit of attachment and denied the plaintiff had any ground for attachment, and alleged that attachment of defendant's car was wrongful and without cause. That thereafter, on the 7th day of February, 1919, the defendant filed his motion to discharge the attachment, and on the 6th day of June, 1919, a hearing was had upon the motion to discharge the attachment before Preston A. Shinn, Judge, and evidence was introduced showing that the plaintiff's property was destroyed by fire and showing its value. The plaintiff attempted to show that the burning was willful and malicious, and upon objection by defendant, the court sustained the objection, and plaintiff advised the court that if the court was of the opinion that the evidence they sought to introduce was incompetent under the petition, they

asked leave to amend the petition, and upon leave being granted, they amended paragraph three of the original petition by interlineation, in the following words: "By setting out fire and setting afire the hay meadow immediately west of said premises which did communicate with and burn said property, without giving said plaintiff due and proper notice of his intention to burn said meadow and set out said fire." This interlineation immediately followed the allegation in paragraph 3 that the defendant unlawfully, wrongfully, maliciously, feloniously, and with the malicious and felonious intent to injure and damage the plaintiff, set fire to and totally destroyed said barn, together with the hay therein, and upon the same date the defendant filed his amended affidavit for attachment, in which he states that the defendant unlawfully, maliciously, feloniously, and with an unlawful and malicious and felonious intent to injure and damage the plaintiff, set fire to the dead grass on the lands adjacent to the said lands and premises described in the amended petition, without any notice to the plaintiff of his intention so to do, and with the unlawful, malicious, and felonious intent that the said fire should spread to, and communicate with and burn and destroy said barn, together with the hay therein, lumber and trees, etc., and at the time the fire was set out by defendant, there was a high wind blowing in the direction of the plaintiff's premises from a point where the fire was set out and defendant well knew that the fire would easily and quickly reach and destroy the property of said plaintiff, and that said fire would spread and set fire to the premises, etc., and that they were destroyed. That on the 2nd day of December, 1920, the cause came on regularly for hearing and a verdict was rendered in favor of plaintiff for the sum of $100 damages. On the 29th day of April, 1921, the defendant asked the court to discharge the writ of attachment issued on February 7, 1919, and offered in evidence all the testimony taken at the trial on the 2nd day of December, 1920, to which the plaintiff objected, upon the ground that the motion to discharge the attachment had never been heard and determined by the court prior to the trial of the case, and that said cause, including the issues joined on the attachment, were submitted to a jury under the instruction of the court, and the finding of the jury is res adjudicata, and the court thereupon refused to consider any evidence other than that which was introduced at the trial of the case on its merits, and the court thereupon finds that the attachment order

was issued upon an affidavit alleging facts which constituted a felony and the amended affidavit of attachment setting up facts constituting a misdemeanor, and was not such an affidavit as would relate back to the issuance of the attachment, and that the verdict of the jury was a finding of fact which under the law would constitute a misdemeanor, and not a felony, and thereupon discharged the attachment, and the plaintiff thereupon gave notice of his appeal to this court from the order of the court discharging the writ of attachment.

The moving question in this case is, Was the amendment to the petition and affidavit for attachment such as would preclude its relation back to the filing of the original affidavit?

The theory upon which the court discharged the attachment was that the original affidavit alleged a felony in setting fire to the plaintiff's property, and the amended affidavit alleged acts of setting out a fire which amounted only to a misdemeanor, and therefore did not relate back to the original affidavit.

The 10th subsection of section 340, art. 9, Comp. Stat. 1921, which section recites the grounds for attachment, provides:

"10th. Where the damages for which the action is brought are for injuries arising from the commission of some felony or misdemeanor, or the seduction of any female."

The question of whether the defendant was incidentally proven guilty of a felony or misdemeanor is not for this court to determine, this being a civil suit for damages for the destruction of private property by fire, and the plaintiff having filed his affidavit under the subsection above set forth, the amended affidavit was sufficient to sustain the attachment, as it did not in any manner change the nature of this cause of action, the extent of the damages, or the amount of recovery.

"Amendments of pleadings may be allowed in furtherance of justice, when such amendments do not substantially change the cause of action or defense. This change does not refer to the form of the remedy, but to the general identity of the transaction.

"The first contention is based upon the assumption that the amendment added after the reversal set up a different tort from that alleged in the original petition and brought in a new cause of action, and, being a new cause of action, it was therefore barred by the five year statute of limitations. We cannot agree with this contention. The

petition, as amended, merely states an additional act of negligence on the part of the defendant. It is true that a cause of action might have been predicated upon it alone, or any one of the acts of negligence alleged, but only one relief could have been predicated upon all of them combined." Van Winkle Gin & Machine Works v. Brooks, 53 Okla. 411, 156 Pac. 1152.

"Attachment may be based on both of the grounds, that the defendant so conceals himself that a summons cannot be served upon him, and that the defendant is a nonresident of the territory." Raymond v. Nix Halsell & Co., 5 Okla. 656, 49 Pac. 1110.

"An affidavit in attachment which is not void, but merely voidable, may be amended as any other pleading, process or proceeding in the case." Reister v. Land, 14 Okla. 34, 76 Pac. 156.

An examination of the original and amended affidavits for attachment discloses no material variance, and its relation back does not deprive the defendant of any material right. Symms Grocer Co. et al. v. Burnham, Hanna, Munger & Co. et al., 6 Okla. 618, 52 Pac. 918.

This action having been reduced to a judgment unappealed from, and so becoming final, it is not necessary to determine other questions raised, and it is sufficient to hold that the original affidavit reciting that defendant "maliciously and feloniously burned the plaintiff's barn, etc.", and the amended affidavit reciting that defendant "maliciously, unlawfully, and feloniously" set fire to grass adjacent to plaintiff's property with the intent that such fire should spread to plaintiff's property and destroy it, and which fire did in fact spread to plaintiff's property and destroy it, and which fire did in fact spread to and destroy plaintiff's barn, etc., did not deprive the defendant of any material right, and whether the acts of the defendant constitute a misdemeanor or a felony is not decided in this cause; it being here determined that under the authorities the amendment related back to the original affidavit and attachment, it was error for the court to discharge the attachment, and the judgment of the court in discharging the attachment should be reversed and the cause remanded to the court below, with directions to vacate the order discharging the attachment and to enter judgment in favor of the plaintiff and sustaining the attachment.

By the Court: It is so ordered.