SOVEREIGN CAMP OF THE WOODMEN OF THE WORLD v. MARY J. WELCH,

(Filed September 7, 1905.)

1. EVIDENCE—Intent—Character. Where intent of the party charged is a material inquiry and the facts and circumstances shown in evidence leaves the question of intent in doubt, the character of the party charged may be shown to aid in the determination of such question.

2. MOTION TO DIRECT VERDICT. A motion for peremptory instruction to find a verdict as directed by the court, can only be granted where there is no material fact in dispute, and no theory of the case under the evidence upon which the opposite party would be entitled to recover.

3. INSTRUCTIONS—Not Error to Refuse, When. It is not reversible error to refuse an instruction to the jury which states the law of the case correctly, where the court in its general instructions has covered the point presented by such refusal.

(Syllabus by the Court.)

*Error from the District Court of Greer County; before James K. Beauchamp, Trial Judge.*

*Wells & Mathews, N. B. Maxey, Brome & Burnett,* for plaintiff in error.

*Garrett & Garrett,* for defendant in error.

Opinion of the court by

GILLETTE, J.: It appears from the pleadings and evidence in this case that one M. M. Welch on the 18th of April, 1900, became a member of the order of "The Woodmen of the World," a fraternal beneficiary association, and on the 23rd day of April 1900, a beneficiary certificate was issued and delivered to said M. M. Welch by said association for the sum of $1,000, made payable to the plaintiff herein, the then wife of the said M. M. Welch. An the 19th of October, 1901, said M. M. Welch died at the town of Leger, in Greer county, O. T.

Certain conditions were attached to said beneficiary certificate, rendering the same void in case any one or more of them should be found true, among them the following:

"4th. If the member holding this certificate shall be convicted of a felony * * or shall die in consequence of a duel * * or in consequence of the violation or attempted violation of the laws of a state or of the United States or any other province or nation."

The answer of defendant admitted its existence as a corporation, admitted the membership of M. M. Welch and the issue of the certificate to him, but denied its liability thereon because (it alleged) he came to his death by reason of a violation of the laws of the Territory of Oklahoma.

On the trial of the case the following admissions were made in open court:

"It is admitted that the deceased member died on the 19th day of October, 1901; proof of death was made; that he was a member of camp No. 49, holding a certificate of membership on the order for $1000, and that he died within two years after the issue of the certificate.

"It is also admitted that if the plaintiff recover in this case, the judgment shall be for $750 with interest at the rate of seven per cent, from the 19th day of December, 1901, and that the plaintiff is entitled to recover unless the defendant shows that the deceased came to his death in consequence of the violation of the condition of his policy which is in substance as follows: that if a member holding this certificate shall die in consequence of the violation or attempted violation of the law of the U. S. or any other state or territory or province of the United States, then this certificate to be void and all moneys paid thereunder forfeited."

Considerable oral testimony was taken upon the trial, the case tried to a jury, and they returned a verdict in favor of the plaintiff, upon which judgment was entered, and from that judgment the case comes to this court upon error.

Three allegations of error are argued by plaintiff in error, and we will consider these in their order.

It is urged that "The court erred in admiting testimony offered by the plaintiff as to the character of M. M. Welch, the deceased, for being a peaceable and law abiding man, because his character was not an issue in the case."

Was it error to admit, under the circumstances of this case, testimony touching the character of the deceased?

The defense in this case is dependent entirely upon the charge of a violation of law by the deceased, which violation

consisted of an assault upon Ennis at the time he was shot by Ennis. The testimony offered in support of this claim was principally that of one Ned McDaniel, who testified in substance that one Ennis, in an excited and hurried manner, came into his office in the rear of the bank, and then left; that about half an hour afterwards he left his office in the rear of the bank, and passing through the bank went out on the sidewalk. That as he went through the bank he saw the deceased, Welch, transacting business at the cashier's window as though making a deposit of money. That when he went out on the sidewalk Ennis was passing. McDaniel told Ennis that Welch was in the bank. That Ennis upon passing the bank turned off from the sidewalk upon a vacant lot next to the bank, and went about fifteen feet back on the lot, and there waited until Welch came out of the bank. That deceased, Welch, came out of the bank and started down the street on the sidewalk in front of this vacant lot. Seeing Ennis he stopped and turned toward him. That Ennis thereupon commanded Welch to stop or he would shoot him. That Welch replied to Ennis saying that he did not have the nerve to shoot. That Ennis replied that he did, and fired a shot which struck the ground between Welch's feet. That Welch continued thereafter to advance on Ennis, and Ennis fired a second shot, which struck Welch in the region of the heart, and he died almost instantly. He testified further, that at this time he saw a knife in Welch's hand. It is further shown in the testimony that an old pocket knife with the blade broken off within an inch or inch and a half of the handle was found lying on the ground where Welch fell, and near his hand.

The testimony of two or three other witnesses corroborated that of McDaniel in part only.

On the other hand the testimony of an equal number of witnesses tends to show that when Welch came out of the bank he started along the street in front of the vacant lot where Ennis stood, being then on the way from the bank to his own store, and seeing Ennis he stopped and turned around facing him; that Ennis was abusing Welch, calling him a damned old son of a —————, and that said Welch told him to shoot if he had the nerve, and Ennis said he had it all right, and fired a shot which struck the ground at Welch's feet, and immediately fired a second shot killing him; that Welch was on the sidewalk where he stopped when the first shot was fired, and was about on the sidewalk still when the shot was fired that killed him; whereupon Ennis ran away. This evidence is also corroborated by other witnesses, there being some evidence that Welch had papers in his hand.

The knife found on the ground is not shown to have been Welch's knife, but it is in evidence that some time prior to the shooting a difficulty had occurred between them over the sale of a lot, and on the morning of this occurrence, some time before the shooting, it had been renewed.

In this condition of the evidence before the jury, briefly stated, a question was propounded to some of the witnesses as to the character of Welch, as a peaceable and law-abiding citizen, which was objected to, and the objection overruled by the trial court. This ruling is made the basis of the error now under consideration.

It will be observed that in order to defeat the plaintiff in her right of recovery that it was incumbent upon the

plaintiff in error to show that Mr. Welch came to his death while in the act and as the result of his violation of the law. He was not at the moment assaulting Ennis, and did not have the ability to assault him at the distance he was from him, nor can it be said that the broken knife shown in evidence was a dangerous weapon.

If Ennis had at the time any right whatever to shoot in self defense, it must have been predicted upon appearances as the same were presented to him by the circumstances then existing. We suppose that if the circumstances surrounding the transaction as the same were presented to him were sufficient to lead him to the conclusion that he was in danger of great bodily harm, and was in fact mistaken as to the extent of such danger, the fact that he had acted by reason of such mistake and killed Welch could not be made the basis of a refusal on the part of the defendant to pay the insurance on Welch's life. Welch must have lost his life in the act of actually violating the law before a reversal of this judgment can be justified, and whether he was acting in violation of law at the time is not only a question of fact for the jury, but such question of fact was dependent largely upon the intent with which he performed the acts shown. This question has been determined by the jury against the plaintiff in error. They had before them the question of Welch's character, under the ruling of the court, and as we understand the law, character of the parties may be offered in evidence where the intent under which they acted is a material inquiry.

A rule of evidence in the trial of issues as here presented would not be different from that in a case where the Territory was proceeding against Welch for a violation of the law in making assault upon Ennis. In such case there

could be no question but that the intent with which the act was done was a material inquiry in determining the question as to whether or not Welch was guilty of any assault or violation of the law.

Where intent of the party charged is a material inquiry, and the facts and circumstances shown in evidence leaves the question of intent in doubt, the character of the party charged may be shown, to aid in the determination of such question.

In the case under consideration such a proposition was squarely presented, when the court ruled that evidence of character of Welch might be introduced.

In *Scott v. Fletcher*, 1 Tenn. 488, it was said:

"In questions of tort, or *quasi* tort, where the injury alleged is doubtful, character may be given in evidence, since as the jury must depend, either wholly or in some degree, on intentions to ascertain this, in doubtful cases, character becomes a material inquiry."

In Greenleaf on Evidence, note to sec. 54, it is said:

"The ground on which evidence of good character is admitted in criminal prosecutions is this, that the intent with which the act charged as a crime was done is of the essence of the issue * * * and the prevailing character of the party's mind, as evidenced by the previous habit of his life, is a material element in discovering that *intent* in the instance in question. Upon the same principle, the same evidence ought to be admitted in all other cases, whatever be the form of proceeding, where the intent is material to be found as a fact involved in the issue."

We think there was no error in the admission of this evidence.

It is next contended by the plaintiff in error that "the court erred in overruling defendant's motion made at the close of the testimony, for a peremptory instruction to the jury to find a verdict for the defendant."

This instruction could only be granted in a case where there was no fact in dispute, no conflict in the evidence, and no theory of the case upon which the plaintiff would be entitled to recovery. If Ennis had been upon trial under an indictment for murder, with the same evidence introduced in this case, a verdict finding him guilty of murder would surely have been warranted by the evidence.

The third and last contention of plaintiff in error is that:

"The court erred in refusing to instruct the jury as requested by the defendant as follows:

"The court instructs you that it is not necessary for the defendant to show that Ennis was justified in killing Welch, but it is sufficient if defendant shows that Welch was violating the law at the time he was killed, and if you believe from the evidence that Welch was approaching Ennis with a knife in a threatening manner, at the time Ennis shot him, then Welch was violating the law, and plaintiff cannot recover."

In its third instruction the court did instruct the jury as follows:

"The court instructs you that if you believe from the evidence that the deceased member, M. M. Welch, came to his death by reason of an assault or attempted assault upon one O. L. Ennis, and that the said Ennis killed said Welch while he was assaulting or attempting to assault him, then Welch was violating the law, and the plaintiff cannot recover in this action."

And in its  fourth instruction  the court  further instructed the jury as follows:

"The court further instructs you that the condition in the certificate that 'if a member should die in consequence of a violation or attempted violation of the law, then the certificate should become void,' is a reasonable provision and is binding on the beneficiary and if you believe from the evidence that Welch was violating the law or attempting to violate the law at the time he was killed by Ennis, then the plaintiff cannot recover in this action."

We think these intsructions covered the ground and correctly stated  the law to  the jury.  See  *Supreme Lodge v. Bradley* (Ark.) 67 L. R. A. 770 and cases cited.

Finding no error in the record, the judgment of the court below is affirmed.

Beauchamp, J., who presided in the court below, not sitting; Irwin, J., not participating; all the other Justices concurring.