## BRECKENRIDGE v. DRUMMOND.

No. 6445.  Opinion Filed February 8, 1916.

(155 Pac. 555.)

1. **ASSAULT AND BATTERY—Civil Action—Evidence of Reputation.**  Where, in an action for damages on account of an assault and battery, the answer is a plea of justification and it is claimed by the defendant that the plaintiff was the aggressor in the fight, and the testimony is in conflict on this issue, it is not error to admit testimony of the general reputation of the plaintiff for peace and quiet in the community where he lived.

2. **SAME—Instructions.**  Where, in the trial of such action, there is a conflict in the testimony as to whether the office where the fight occurred was a public or private office, it is not error to submit this issue to the jury with the statement as to the rule of law governing the rights of the parties, if it be found from the evidence that the place where the fight occurred was a public office.

3. **APPEAL AND ERROR—Ground for Reversal—Instructions.**  A cause should not be reversed by the Supreme Court unless the court can say from an examination of the entire record that the trial probably resulted in a miscarriage of justice, or "constitutes a substantial violation of a constitutional or statutory right." Section 6005, Rev. Laws 1910.

(Syllabus by Galbraith, C.)

*Error from Superior Court, Pittsburg County;*
*W. C. Leidke, Judge.*

Action by R. Lee Drummond against A. W. Breckenridge.  Judgment for plaintiff, and defendant brings error.  **Affirmed.**

*Paul & Lee* and *Wright & Boyd,* for plaintiff in error.

*Carl Monk,* for defendant in error.

Opinion by GALBRAITH, C.  This action was commenced to recover damages charged to have been sustained by R. Lee Drummond by reason of an assault and battery committed on his person by A. W. Breckenridge,

the plaintiff in error. There was a trial to the court and a jury, and a judgment returned for plaintiff for $450. From that judgment an appeal has been prosecuted to this court.

Two errors only are argued in the brief of the plaintiff in error: First, in the admission of testimony on behalf of the defendant in error, the plaintiff in the trial court, over the objection of the defendant, as to the general reputation of the plaintiff in the community in which he lived, for peace and quiet; second, in giving instruction No. 6 of the court's instructions to the jury.

The parties resided at Dow, Okla., where Drummond conducted a drug store, and Breckenridge was mine boss of Milby & Dow Coal Mining Company. The Rock Island Railroad passed through and maintained an office at Dow, and the Pioneer Telephone & Telegraph Company also maintained an office there. The offices of the railroad company and the telephone company, as well as that of the mining company, were located in the same building where the Milby & Dow Coal Mining Company maintained a general merchandise store; the office where Breckenridge transacted his business, as well as that occupied by the railroad company's agent, and where the public telephone was located, being screened or separated from the general store by a partition. It is charged in the petition that on May 22, 1912, Drummond, having business to transact with the railroad company at its office in Dow, went into the apartment where the desk of the railroad agent was located, for the purpose of using the public telephone located in that apartment; that when he went in there the plaintiff in error, Breckenridge, saw him and ordered him out, and when he refused to go Breckenridge proceeded to put him out with

force and violence, and in doing so struck him in the face, head, and neck, and kicked him on his body, from which he suffered great pain and humiliation in body and mind, and on account of which the damages are claimed. Several months prior to this date Breckenridge and Drummond had had some personal difficulty, growing out of a school board controversy, in which they were arrayed on opposite sides. The answer was a general denial and a plea of justification alleging that Drummond commenced the affray, and that Breckenridge only used such force as was reasonably necessary to defend himself.

Upon the issues thus made by the pleadings the cause was tried. During the course of the trial, and while two of the plaintiff's witnesses were being examined, they were each asked if they knew Drummond's general reputation in the community where he lived up to May 22, 1912, for being a peaceable, quiet and law-abiding citizen, and they answered that they did, and in answer to the question what was such reputation one answered, "I think it was good," and the other, "It was all right." It is this testimony, admitted over the objection of the defendant, that is the ground of the first assignment of error set out in the brief.

It is contended that in a civil case the character of a party is not put in issue, and evidence as to character is not admissible. This is a statement of the general rule, but there are exceptions to it equally well supported as the rule. Under the issues raised by the pleadings and the evidence in this case, this testimony was competent and relevant, and therefore admissible under the exceptions to the general rule, for the reason that it

would tend to assist the jury in deciding the disputed question as to who was the aggressor in the fight. It was claimed by the plaintiff that the assault and battery by the defendant was unprovoked; while the defendant claimed that the plaintiff provoked the assault and struck the first blow. As to who the aggressor was the testimony was conflicting, and the general reputation of the parties to the fight for peace and quiet in the community in which they lived was competent and relevant to go to the jury in determining this controverted issue. One exception to the general rule in excluding character testimony in civil cases was stated by the Supreme Court of Oklahoma Territory in *Sovereign Camp, Woodmen of the World, v. Welch,* 16 Okla. 188, at page 194, 83 Pac. 547, at page 549, as follows:

"Where intent of the party charged is a material inquiry, and the facts and circumstances shown in evidence leave the question of intent in doubt, the character of the party charged may be shown, to aid in the determination of such question."

That was a suit on an insurance contract. The defense was that the assured lost his life "in consequence of the violation of the laws of the state," he having been killed in a fight, and that therefore the company was not liable. The court admitted over objection testimony as to the character of the deceased for peace and quiet. This was assigned as error, and the same argument was urged in support of the assignment as is made in the instant case. The Supreme Court of the territory overruled the exception and announced the rule above quoted. The ruling of the trial court is sustained by the Supreme Court of Kansas in *Spain v. Rakestraw,* 79 Kan. 758, 101 Pac. 466.

Again, in instruction No. 6, assigned as error, the court advised the jury that, if they found from the evidence that the railroad company and telephone company maintained an office in the same apartment with Breckenridge, and that Drummond went in there to transact business with the railroad company and for the purpose of using the telephone therein located, he was rightly there and had a right to remain so long as it was reasonably necessary in transacting such business. It is contended on behalf of the plaintiff in error that this office was Breckenridge's private office, and that Drummond, having been previously told to keep out, had no right in there without an invitation, and, having gone in there at this time without invitation, Breckenridge had the right to order him out, and, on his refusal to go, to enforce such order in a reasonable manner. However, the evidence as to the character of this office or apartment was conflicting, and by this as well as other instructions which the court gave, the question was put up to the jury to determine as to whether or not the railroad company and the telephone company had an office in common with Breckenridge, and the jury evidently found from the testimony that this office where the assault occurred was not Breckenridge's private office. It being the public office of the railroad company, as well as the office of the mine boss of the mining company, Drummond, having business with the railroad company, had a perfect right to go in there, and it was an unwarranted assumption of authority on the part of Breckenridge to deny him, or to attempt to deny him, this right. This instruction, together with the other instructions which the court gave to the jury, seems to have fairly and fully presented the issues raised under

the pleadings and the evidence, and the objections made are not well taken. It is likewise apparent from a careful examination of the record in this case that the trial thereof did not result in a miscarriage·of justice, or in a substantial violation of a constitutional or statutory right. Section 6005, Rev. Laws 1910. *Corder v. Purcell,* 50 Okla. 771, 151 Pac. 482.

We therefore recommend that the judgment appealed from be affirmed.

By the Court: It is so ordered.