**SOVEREIGN CAMP, WOODMEN OF THE WORLD, v. BAILEY. (No. 151–2937.)**

(Commission of Appeals of Texas, Section A. June 16, 1920.)

Insurance ⬥826(2)—Instruction erroneous in authorizing verdict against insurer without finding on defensive issue.

In an action on benefit certificate, where the fraternal insurer defended on the ground the member met his death while in violation of law, etc., a charge that, if the state of the evidence was such that it could not be determined whether the member on the occasion of his death had made or attempted to make an unlawful assault, and in consequence thereof met his death, verdict should be for plaintiff, was erroneous, authorizing a verdict for plaintiff without requiring a finding on the defensive issue.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Action by O. F. Bailey, guardian, against the Sovereign Camp, Woodmen of the World.

A judgment for plaintiff was affirmed by the Court of Civil Appeals (183 S. W. 107), and defendant brings error. Judgment of the trial court and Court of Civil Appeals reversed, and cause remanded for further trial.

A. H. Burnett, of Omaha, Neb., R. L. Daniel, of Victoria, and Henry, McCloskey & Robertson, of San Antonio, for plaintiff in error.

Proctor, Vandenberge, Crain & Mitchell, of Victoria, for defendant in error.

TAYLOR, J. Sovereign Camp, Woodmen of the World, a fraternal beneficiary association, issued to W. L. Bailey its certificate for the sum of $3,000, payable upon his death to Willie Lee Bailey, his minor child. The father lost his life on April 1, 1912.

This suit was by O. F. Bailey, as guardian of the minor, to recover the amount alleged to be due under the certificate. The cause was tried before a jury and resulted in a verdict and judgment for Bailey. The Court of Civil Appeals affirmed the judgment. 183 S. W. 107. Writ of error was granted by the Supreme Court.

The principal defense urged by the association was predicated upon that provision of the certificate, as well as of the constitution and by-laws of the association, to the effect that, in the event the member holding the certificate should meet his death or die in consequence of the violation or attempted violation of the laws of the state or the United States, the certificate should become null and void, and that all rights thereunder should be forfeited.

It was averred in the defensive allegations of plaintiff in error, among other things, that Bailey at the time of his death was engaged in an unlawful assault upon Alvin Holzheuser, and was rudely displaying a pistol, and was attempting to murder Charles Holzheuser; that his acts in shooting at Charles Holzheuser and attempting to murder him were in violation of the laws of Texas and of the United States; that Charles Holzheuser, for the purpose of defending himself and his brother Alvin, shot and killed Bailey.

The court in the fourth paragraph of its main charge instructed the jury that, if they believed the death of Bailey was in consequence of the violation or attempted violation of the law of the state, they should return a verdict in favor of the association; but, if not the result of such violation or attempted violation of law, they should return a verdict in favor of Bailey. The jury was instructed also as to the other alleged violations of law.

The eighth paragraph of the charge is as follows:

"You are further instructed that, if you conclude that the state of the evidence in this case is such that you are unable to make a finding either affirmative or negative upon the issue as to whether or not the said W. L. Bailey on the occasion of his death had made, or attempted to make, an unlawful assault upon said Alvin or Charles Holzheuser or either, and in consequence thereof met his death, you will find for the plaintiff."

That part of the charge quoted was wrong, in that it warrants a verdict for Bailey without requiring a finding upon the defensive issue. The charge does more than to place upon the association the burden of proof upon that issue. The jury were told, in effect, that a verdict could be reached without a finding upon the issue, either affirmative or negative.

The error in the charge is such, in our opinion, as to require a reversal of the case.

The other assignments of error contained in the application for the writ relate to the refusal of the court to require the Holzheusers to answer certain questions propounded to them which they refused to answer on the ground that they feared the answers would tend to incriminate them. While it is not probable that the question will arise upon another trial of the case, we are of opinion that the Court of Civil Appeals correctly disposed of the assignments raising it in different forms in that court.

We recommend therefore that the judgments of the trial court and Court of Civil Appeals be reversed, and that the cause be remanded for further trial.

PHILLIPS, C. J. We approve the judgment recommended in this case, and the holding of the Commission on the question discussed.

GREENWOOD, J., took no part in the decision of this case.