## MITCHELL v. FAHEY.

No. 15351—Opinion Filed June 30, 1925.

Rehearing Denied Nov. 3, 1925.

1. **Attachment — Affidavit not Amendable by Adding Different Ground.**

Where a party has procured a writ of attachment on certain grounds, he cannot, after the institution of his suit, amend his affidavit by adding another ground different from those laid.

2. **Same—Character and Intent of Defendant—When not Material.**

Character and intent of defendant are not material subjects of inquiry under the third and fourth grounds of attachment provided in section 910, C. S. 1921.

3. **Same—Discharge of Attachment Sustained.**

Held, the evidence reasonably supports the order of the court discharging attachment.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Action by Joseph D. Mitchell against Bessic Irene Fahey. From an order discharging attachment, plaintiff appeals. Affirmed.

Joseph D. Mitchell and John R. Mahan, for plaintiff in error.

Horsley & Stith, for defendant in error.

Opinion by ESTES, C. Parties appear in the same order as in the trial court. Plaintiff sued defendant for rent of a room in his building in which defendant carried on a baby shop or stork nest, aiding his suit by attachment, on the grounds, first, that

defendant had left the county of her residence to avoid service of summons; and second, that she so concealed herself that summons could not be served. In the justice court, judgment was for defendant on the debt and also dissolving the attachment. On appeal to the district court, judgment for the debt was for the plaintiff, but for defendant dissolving the attachment.

1. In the district court, plaintiff sought to amend his affidavit for attachment by setting up that the debt was for rent, that defendant had removed a part of her property from the shop on which the rent was due within 30 days. A landlord has no general statutory lien for rent, but under section 7366, Comp. St. 1921, when a tenant liable for rent intends to remove, or is removing, or has within 30 days removed his property from the leased premises, the landlord, by proper affidavit and undertaking, may have attachment with like effect as provided by law in other actions. The court permitted plaintiff to make such amendment, but refused to consider same and rendered judgment so as aforesaid. Under section 318, Comp. St. 1921, a pleading may be amended when such amendment does not change substantially the claim or defense. This section is applicable to amendment of attachment affidavit. Reister v. Land, 14 Okla. 34, 76 Pac. 156. There, it is held that an affidavit in an attachment which is not void but merely defective may be amended the same as any other pleading, process, or proceeding in the case. It is well settled that a court should permit only such amendments as do not change a cause of action and which give to plaintiff no rights which he did not have when the suit was instituted. Clearly, the plaintiff sought by such amendment to add another ground for attachment different from the two originally laid, and there was no error of the court in refusing to consider said amendment.

2. The court refused to permit plaintiff to show the character (more properly reputation) of defendant to be general indisposition to pay her debts; that she had many creditors whom she failed and refused to pay, some of whom had procured judgments and, on execution, no goods were found. Clearly, such testimony was incompetent to show that defendant had left the county to avoid the service of summons or concealed herself so that summons could not be served upon her. The general rule is that the character of a party to a civil action is not a proper subject of inquiry, subject to certain well-known exceptions. Neither was intent a material inquiry. The

grounds of attachment laid are the third and fourth grounds of section 910, Civil Code of Procedure before a justice. Certain other grounds of attachment provided in said section make intent a material inquiry. A well-known exception to the rule excluding character testimony in civil cases is that relied upon by defendant:

"Where intent of the party charged is a material inquiry and the facts and circumstances shown in evidence leave the question of intent in doubt, the character of the party charged may be shown to aid in the determination of such question." Sovereign Camp of W. O. W. v. Welch, 16 Okla. 188, 83 Pac. 547; Breckenridge v. Drummond, 55 Okla. 351, 155 Pac. 555.

Since the intent, so as aforesaid, was not a material inquiry in the case at bar, such exception to the rule is not applicable. The court also refused plaintiff's offer to show by the sheriff's return in another case at about the same time that defendant was not found in the county. Such offer was incompetent, although evidence might have been adduced by the sheriff of such facts as he knew with respect to the absence of the defendant from the county and his inability to find her within the county at the time.

Plaintiff also complains of the refusal of the court to permit him to introduce a letter addressed by him to the defendant in another county, and which was returned bearing the notation "refused"—to support said grounds of attachment. No offer was made to show who made such notation on the returned letter, or that defendant in fact was in another county and refused to receive the letter. The burden was upon plaintiff to prove the grounds of attachment laid. The court sustained demurrer to his evidence in this behalf, and such ruling is reasonably supported by the evidence. None of the assignments of error being tenable, let the judgment be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 6 C. J. p. 158, § 266. (2) 6 C. J. p. 470, § 561; p. 472, § 563. (3) 6 C. J. p. 454, § 1051.