## GUY et al. v. GRAND LODGE, COLORED KNIGHTS OF PYTHIAS OF TEXAS.

### No. 2612.

Court of Civil Appeals of Texas. El Paso.
Feb. 4, 1932.

Rehearing Denied Feb. 25, 1932.

R. H. Ward and Heidingsfelder & Kahn, all of Houston, for appellants.

A. S. Wells, of Dallas, for appellee.

HIGGINS, J.

This is a suit by appellant against appellee, a fraternal benefit society, upon a certificate insuring the life of Earnest Guy.

The certificate provides that the same shall be null and void and of no effect if the member holding the same shall die in consequence of the violation or attempted violation of the laws of the state or of the United States. The evidence in behalf of the defendant is to the effect that Guy, while under arrest by a policeman of Houston, assaulted such officer by striking him upon the head with "brass knucks," whereupon he was shot and mortally wounded by the policeman and died in a short time.

The appellee predicated its defense upon the above-stated provision in the certificate and the death of Guy under the circumstances detailed. Upon trial without a jury judgment was rendered for defendant.

Appellants question the validity of the provision relied upon by defendant. This is untenable. Such a provision is valid. 45 C. J., 219; 6 Cooley Ins. (2d Ed.) 5201, 5202; 6 Couch, Ency. Insurance, § 1236; Bosler v. W. O. W., 100 Neb. 570, 160 N. W. 966, L. R. A. 1917C, 195; W. O. W. v. Welch, 16 Okl.

188, 83 P. 547; Bloom v. Franklin L. I. Co., 97 Ind. 478, 49 Am. Rep. 469.

The validity thereof has been assumed without discussion in two cases in this state. W. O. W. v. Hipp (Tex. Civ. App.) 147 S. W. 316; W. O. W. v. Bailey (Tex. Com. App.) 222 S. W. 550:

Section 21 of article 1, of our State Constitution and article 2574, R. S., have no application whatever as to the validity of such provision. The decisions cited by appellants are likewise wholly inapplicable.

The evidence abundantly supports the view that the deceased died under the circumstances stated and his death was directly and proximately caused by his unlawful assault upon an officer who had him under arrest at the time. There is, therefore, no merit in the attack made upon the sufficiency of the evidence to show that the death of the assured fell within the terms of the excepted risk.

Affirmed.