## PATE v. SPECHT.

No. 24615.     Dec. 17, 1935.

Rittenhouse, Webster & Rittenhouse, for plaintiff in error.

Miley, Hoffman, Williams, France & Johnson, for defendant in error.

PER CURIAM. This is an appeal from the district court of Oklahoma county by the

plaintiff in error, George Pate, who was plaintiff below. Plaintiff instituted this action for recovery for personal injuries which he received on the 4th day of April, 1930. The record discloses that the plaintiff and four associates had been to a ball game at Crescent, and while returning in a Ford car driven by one of his associates had a collision with a car driven by the defendant, Specht, about six miles west of Edmond. The cars collided at a point where a north and south highway intersects an east and west highway. The car in which the plaintiff was riding was going in a southerly direction, while the car of the defendant was going in a westerly direction.

Plaintiff made defendant, Specht, and the owners of the Drake Sandwich Company, who were the owners of the car in which the plaintiff was riding, parties defendant. No service, however, was made upon the owners of the car in which the plaintiff was riding and the cause was tried as to the defendant, Specht, alone. The jury returned a verdict for the defendant.

The plaintiff assigns as error, first, that the court erred in the admission of incompetent, irrelevant and immaterial evidence on the part of the defendant.

Upon direct examination of one of the witnesses for the defendant, witness was asked:

"Q. What direction was the Ford headed just right at the time of the impact? A. It was headed right straight southeast, almost south. Q. Is that where you were? (Indicating). A. If it hadn't hit Mr. Specht's car it would have hit the east pump in the station. Mr. Rittenhouse: We move to strike this out as an opinion and conclusion of the witness. The Court: Overruled. Mr. Rittenhouse: Exception."

Plaintiff made timely motion to strike the answer as an opinion and conclusion of the witness, which motion was overruled and an exception taken.

The defendant, Specht, on direct examination, was asked, "Did his car hit your car, or your car hit his car?" which question was objected to because it called for an opinion and conclusion of the witness, which objection was overruled and exception saved.

Just where the line of demarcation between the statement of a fact and the opinion and conclusion of a witness is, is sometimes hard to distinguish. In determining this question the substance rather than the form of the question should be decisive. This court in the case of Roxana Petroleum Co. v. City of Pawnee, 155 Okla. 141, 7 P. (2d) 663, in discussing this proposition, said:

"In First Nat. Bank of Hayes City v. Robinson, 93 Kan. 464, 144 P. 1019, Ann. Cas. 1916D, 286, it was held:

" 'The modern notion of the admissibility of evidence is that it is more important to get the truth than to quibble over impractical distinctions between facts and conclusions.'

"We think the rule there announced applicable to some extent to the admissibility of opinion evidence. It is more important to get to the truth than to quibble over impractical distinctions and hair-splitting contentions as to the admissibility of evidence. We think there was no error in admitting the evidence of the witness McMurry as to his opinion on the permanency of the pollution of the water in Black Bear creek."

In the cross-examination of a witness for the defendant, plaintiff asked:

"Q. It is just your opinion that one car hit the other, isn't it? A. I saw the Ford hit the Chevrolet."

And in further cross-examination of the same witness, plaintiff said:

"Q. If it had continued on the right-hand side of the road going west, it would not have gotten in the path of the Ford, would it? A. Well, that car wouldn't have done it, the Ford would have hit something besides the car. Q. Well, it would have hit the filling station? A. Without a doubt it would."

Again, in cross-examination of the defendant, plaintiff asked:

"Q. Your car never collided with his, did it? A. His car collided with mine. Q. His car collided with yours? A. Yes, sir."

The plaintiff examined the defendant and his witnesses on the same facts which he objected to as conclusions and opinions of the witnesses. Having pursued this course, he cannot on appeal be heard to say that the evidence given is an opinion or conclusion which precluded him from having a fair and impartial trial. In Rock Island Coal Mining Co. v. Galvin, 96 Okla. 95, 220 P. 832, the court said:

"A party cannot complain of the admission of evidence over his objection, where other evidence of the same tenor was admitted without objection."

Plaintiff's second assignment is that the verdict and judgment is not supported by the evidence and the law, and is contrary thereto. The issues are submitted to the jury under proper instruction of the court, or

we must assume the instructions were proper so far as the plaintiff is concerned for he made no objections to them and the jury returned a unanimous verdict finding generally for the defendant, Specht. We have carefully examined the entire record, and while we find some conflicting evidence upon the questions of fact involved in this cause, the evidence is sufficient to sustain and does fairly sustain the verdict and judgment of the court. The trial court and the jury heard the evidence of the witnesses produced at the trial, saw their demeanor while upon the witness stand, and were and are in a more favorable position to determine the weight that should be given to the testimony of each and every witness than an appellate court. It is the province of the jury to decide the facts under the proper instructions of the court, and it is not the province of the appellate court to substitute itself on a question of fact where their is evidence to sustain the verdict.

The judgment of the district court is affirmed.

The Supreme Court acknowledges the aid of Attorneys C. A. Ambrister, Forrester Brewster, and Jay A. Anderson in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Ambrister and approved by Mr. Brewster and Mr. Anderson, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and BAYLESS, WELCH, PHELPS, and GIBSON, JJ., concur.