Willard OLLER, Plaintiff in Error,

v.

Ted HICKS, Defendant in Error.

No. 41504.

Supreme Court of Oklahoma.

Nov. 28, 1967.

Rehearing Denied Feb. 27, 1968.

Gable, Gotwals, Hays, Rubin & Fox, Tulsa, George H. Jennings, Sapulpa, for plaintiff in error.

Young, Young & Young, by David Young, Sapulpa, for defendant in error.

BERRY, Justice.

Plaintiff in error, defendant in the trial court, has appealed from a judgment entered upon a jury verdict for defendant in error, plaintiff below, in an action brought to recover damages for assault.

Plaintiff, a 55 year old bulldozer operator, had some physical impairment of the right hand, and was required to wear glasses for all activities. Defendant, a land and cattle dealer, was 59 years of age and slightly larger than plaintiff. The parties were brothers-in-law, but had not spoken for several years. The relevant facts, as determined by the jury from extensive, highly conflicting testimony, reflect the matters hereafter stated.

On the afternoon of February 4, 1964, defendant was standing partially inside the doorway of a New Mannford, Oklahoma, service station, holding the door. Plaintiff drove up, parked his car and approached the door. Although observing plaintiff's approach, the defendant made no effort to move out of the way as plaintiff sought to enter the building and plaintiff shoved the door forcing defendant into the office. Defendant turned toward plaintiff with his right hand raised as though to strike a blow. Plaintiff raised his hands in anticipated defense and blows were struck. Defendant then went along a hall and through a door into the adjoining area where a bench containing tools was situated. Believing defendant intended to secure a tool to use as a weapon plaintiff followed and a further altercation ensued. Defendant was forced to the floor between two cars and the episode culminated in plaintiff holding and twisting defendant's feet as a means of immobilizing defendant. After an admonition not to go after a gun, and upon defendant's assurance that he would get his car and leave, plaintiff released defendant who picked up his hat and left the building going toward his car which was parked approximately 85 feet away. Plaintiff was standing outside the door when defendant called asking that plaintiff come to the car and talk. Upon plaintiff stating he wanted nothing to do with him the defendant opened the car door as though intending to leave.

Some minutes (2–5) later defendant stepped from the car and walked toward plaintiff with a .32 Colt Automatic pistol in hand. When approximately 25 feet away defendant fired one shot, which struck plaintiff's left leg and shattered the bone. Turning to retreat into the building plaintiff was struck in the back by a second shot which pierced his body and emerged from his chest. Falling to the floor plaintiff sought protection by crawling behind the office wall. Gun in hand, defendant followed plaintiff into the building. As defendant rounded the corner plaintiff seized the gun with both hands and, while attempting to wrest the gun from defendant a third shot was fired, emptying the gun. Defendant surrendered

the weapon and left the building, followed by plaintiff who feared defendant might secure another weapon from his car. Plaintiff turned and went back into the building. After defendant reached his car a police officer arrived and arrested defendant, and after several minutes discussion removed defendant to jail.

Plaintiff's petition alleged wilful and malicious assault perpetrated by defendant, resulting in injuries, medical expenses, pain, suffering, mental anguish and partial disability. Plaintiff asked $91,015.00 actual damages resulting from the assault. The second cause of action asked $50,000.00 as punitive damages for the malicious, wilful and illegal assault committed with the intent to kill plaintiff.

By answer defendant denied all allegations of the petition, and alleged the facts to be that plaintiff attacked and beat defendant without cause or provocation, causing severe injuries which rendered defendant unconscious and unable to comprehend or control the nature of his own actions; any injuries claimed by plaintiff resulted directly from plaintiff's own unlawful acts. By cross-petition defendant alleged severe and permanent injuries incurred in the altercation, resulting in pain, mental anguish and loss of earning capacity, and asked $90,000.00 actual and $100,000.00 punitive damages on his own behalf.

Plaintiff replied by general denial of the allegations of the answer and cross-petition, and further alleged self-defense in justification of his actions.

The issues presented were resolved in plaintiff's favor. The jury assessed $18,000.00 actual damages and $20,000.00 punitive damages against defendant, and also found for plaintiff as against defendant's cross-petition. Judgment entered upon the jury's verdicts resulted in this appeal being perfected after motion for new trial was overruled.

The appeal is presented under twelve propositions, several of which include additional subheadings of argument. Space precludes extended consideration of each separate ground or claim of error advanced in defendant's briefs. Six propositions are based upon complaints relating to errors alleged to have resulted during trial as relates to evidentiary matters. Each matter argued assertedly constituted reversible error, or provided grounds for mistrial. The remaining contentions are predicated upon errors allegedly inhering in certain of the trial court's instructions.

■ We first consider the contention (No. 4) that the trial court erred in overruling defendant's motion for directed verdict for actual damages sustained, as plead in the cross-petition. The principles which control a trial court's consideration of a motion for directed verdict are so firmly established as not to require supporting authority. The argument is that since the evidence unequivocally showed plaintiff as the aggressor he could not rely upon self-defense, hence defendant was entitled to recover for actual damages sustained. Without adverting to piecemeal recitation of the evidence, it is sufficient to note the testimony was in severe conflict in respect to possible liability under the allegations of the cross-petition, and particularly as concerned defendant's claimed injuries and resulting disability. Under this record the trial court would have committed reversible error by sustaining defendant's motion for directed verdict. There was no error committed in overruling the motion.

■ Two contentions (Nos. 11 and 12) urge the excessiveness of damages awarded plaintiff upon each cause of action. As respects damages upon each cause of action, defendant asserts that since the verdict was signed by eleven jurors it indisputably appears the jury was actuated by bias, passion and prejudice. No authority is offered in support of this argument, which we consider both novel and untenable. It would be just as reasonable to conclude that bias and prejudice is reflected in every verdict adopted by more than nine concurring jurors.

Defendant also urges excessiveness of actual damages because there is no evidence plaintiff suffered severe or excruciating pain, and also because necessary medical expenses and loss of income combined amounted to less than $3,000.00. The evidence disclosed pain resulting from two gunshot wounds which required some sedation; that plaintiff's leg remained in a cast for some weeks; and that daily activity first was dependent upon a wheelchair and later a crutch. After recovering sufficiently to attempt operation of a bulldozer, the plaintiff found his capacity for carrying on work of this nature was impaired because of injury to his leg, and also weakness of his shoulder as the result of the chest wound. These matters were considered and determined by the jury. The claim of excessiveness based solely upon defendant's calculations of actual monetary loss during convalescence is not persuasive.

The basis for allowance of punitive damages rests upon the principle that they are allowed as punishment for the benefit of society as a restraint upon the transgressor, and a warning and example serving as a deterrent to commission of like offenses in the future. See 25 C.J.S. Damages § 119; Main v. Levine, 189 Okl. 564, 118 P.2d 252; Morgan v. Bates, Okl., 390 P.2d 486. When a defendant's conduct is such as to amount to fraud, oppression or malice, or the act is wilfully and wantonly done with criminal indifference to the plaintiff's rights, exemplary damages are allowable. And, in such an action these damages are peculiarly within the province of the jury, whose verdict will not be interfered with lightly upon the claim of excessiveness. Fife v. Adair, 173 Okl. 234, 47 P.2d 145.

Defendant also contends (No. 1) he was not accorded a fair trial because plaintiff's counsel was permitted to make improper and prejudicial statements in the opening statement and in course of the trial, which acts were designed to bias and prejudice the jury against defendant.

The claim of prejudicial error involved counsel's reference in the opening statement to matters the evidence would show: (1) that on numerous occasions prior to the altercation defendant had "pulled" guns on other persons around New Mannford; (2) that in 1956 defendant "pulled" a gun in plaintiff's front yard; (3) that plaintiff had enjoyed a good reputation in the community at all times; (4) plaintiff had never been arrested or in court. The basic argument is that counsel transgressed the proper scope of an opening statement; made reference to inadmissible evidence, and to other matters which plaintiff knew either to be untrue, or not susceptible of being established by competent evidence.

The trial court sustained objection to the first statement and admonished the jury this could not be considered because the trial involved only the circumstances of this action and not prior incidents. The general rule is that wide latitude is allowed counsel in an opening statement, subject to the trial court's control, which may limit the scope of the statement within the exercise of its discretion. Measured under this rule, we are of the opinion the trial court acted correctly in limiting the scope of the opening statement and removed any basis for alleged prejudice by timely admonition for the jury to disregard such matters.

The remaining matters relate to counsel's reference to inadmissible evidence, and to matters which were not proved, or not properly susceptible of proof. This record affirmatively shows the trial court's patient and consistent exercise of judicial discretion in limiting the scope of the opening statement. In Prentis v. Bates, 93 Mich. 234, 53 N.W. 153, 17 L.R.A. 494, is found this statement:

"It must be an exceedingly plain case of an abuse of privilege which will justify the setting aside the verdict on the ground of improper opening either in statement of the law or fact. Nothing short of bad faith or a gross misconcep-

tion of what is admissible, resulting in bringing to the attention of the jury matters wholly irrelevant, and of a nature calculated to create so profound an impression that the charge of the court cannot eliminate the prejudice produced, will justify an appellate court in vacating a judgment on such grounds; and, in determining whether such an error has been committed, it is believed to be entirely safe to credit the jury with at least average intelligence."

Defendant relies particularly upon the early case of Harrod v. Sanders, 137 Okl. 231, 278 P. 1102, followed by Horany v. Paris, etc., Okl., 369 P.2d 636. The distinguishing feature between Harrod and the present case is readily observable. That case also was an action to recover damages for malicious assault. Plaintiff's counsel repeatedly attempted to bring out evidence of prior assaults committed by defendant, despite the trial court's repeated admonishments against such conduct. In the present case plaintiff's counsel heeded the trial court's admonitions and refrained from further efforts of like nature.

█ The fact that counsel might have exceeded propriety by improperly stating what he intended to prove, or in mentioning matters not susceptible of being proved or as to which no evidence was introduced, does not establish such statements were intentionally false, or necessarily prejudicial. See 53 Am.Jur., Trial § 456; annotations 114 A.L.R. 959. Neither the objectionable statements in the opening, nor those relating to matters concerning which plaintiff could not, or did not, introduce evidence were of basic materiality so far as the right to recover was concerned. We are of the opinion the claim of reversible error because of asserted resulting prejudice to defendant's case lacks substantial merit, and the several motions for mistrial properly were overruled.

Defendant further contends (No. 3) reversible error was committed in admission of immaterial and prejudicial evidence during trial. This argument is made in rela-

tion to the following matters: (1) plaintiff was permitted to testify as to opinions and conclusions; (2) plaintiff was permitted to testify relative to statements claimed to have been made; (3) error in permitting plaintiff to introduce testimony of good reputation.

█ The first matter relates to testimony that defendant was standing partly in doorway and holding the door open as plaintiff approached. Following this plaintiff was asked, and over objection was permitted to answer, that from this position defendant saw plaintiff as he tried to enter the door. It is argued that whether defendant saw plaintiff at the door presented an ultimate question of fact which could not be established by plaintiff's opinion testimony; and, erroneous admission of plaintiff's conclusion prejudicially affected defendant's rights. However, the record discloses that plaintiff was cross-examined upon this same matter. In Pate v. Specht, 175 Okl. 318, 53 P.2d 239, one party examined the adverse party as to the very matters which had been objected to as opinion and conclusion of the witness. We held that having pursued this course a party cannot urge on appeal that evidence given in an opinion or conclusion precluded him having a fair trial.

The second subdivision of this argument concerns plaintiff's testimony that he followed defendant into the station "lube room" because "I know how he fights." On cross-examination substantially the same question was asked by defendant. The argument on appeal that such voluntary testimony by plaintiff served to prejudice the jury and was so objectionable as to require the jury to be admonished in respect to this is without substantial merit. Pate v. Specht, supra.

█ Under this subdivision defendant also asserts that error resulted from plaintiff being allowed to testify as to statements he claimed to have made to defendant during the altercation. Plaintiff was allowed to testify to remarks between the parties during the encounter in the

"lube room." Numerous objections were overruled by the trial court, upon the basis this testimony was admissible relative to what actually occurred during the fight. The claim is that these statements also were conclusions, not material to any issue, and made deliberately at a time when plaintiff's mind was controlled by shock or excitement, hence not admissible as part of the res gestae and therefore were so prejudicial as to require reversal. Admissibility of testimony as a part of the res gestae is determinable by the facts and circumstances of each case, and within a large measure must be left for the trial court to determine. We hold the trial court properly overruled defendant's objections and admitted this evidence. Margay Oil Corp. v. Jamison, 177 Okl. 433, 59 P.2d 790, and authorities therein cited.

The final argument urges error in the trial court's permitting plaintiff to introduce testimony bearing upon his reputation as a peaceful, law abiding citizen in the community. Early in the trial objection was sustained to proffered testimony bearing upon plaintiff's reputation. However, during plaintiff's rebuttal testimony evidence of plaintiff's reputation was admitted, over objections which now provide the basis for the claim of error by the trial court.

Breckenridge v. Drummond, 55 Okl. 351, 155 P. 555, involved an action for damages for assault and battery, in which evidence of plaintiff's reputation as a peaceful, law abiding citizen was admitted over objection. On appeal it was contended that in civil cases the character of a party is not put in issue, hence testimony of this nature is inadmissible. Conceding this as a general rule, the court pointed out that an exception to the rule exists, to-wit: where such testimony would tend to assist the jury in deciding the disputed question as to which party was the aggressor in the affray.

While acknowledging that decision, defendant argues that Drummond, supra, was overruled by implication in Baker v. First National Bank of Santa Rosa, N. M., 176 Okl. 70, 54 P.2d 355; that plaintiff's own testimony precludes assertion of the defense of justification as against defendant's cross-petition; and even if such testimony was admissible under Drummond, supra, the trial court had the duty to instruct the jury that the testimony could be considered only for the purpose for which admitted, which the trial court failed to do. Initially it must be noted that Drummond, supra, was not cited in the Baker case, although it may be that the court recognized the apparent disparity and inapplicability of the rule to a fact situation such as disclosed in Baker, supra.

Plaintiff pled self-defense in justification. The evidence bearing upon the primary issue, which of the participants was the aggressor, was sharply conflicting. Defendant testified he was afraid of plaintiff, and introduced evidence plaintiff had engaged in a boxing match several years earlier. This evidence necessarily placed before the jury an issue as to whether plaintiff's general reputation was that of a peaceful individual, or whether he was an aggressive, turbulent, or quarrelsome person of whom defendant justifiably was afraid. Plaintiff introduced evidence of his general reputation as a peaceful, law abiding citizen by way of rebuttal of defendant's testimony indicating fear of plaintiff and the reason therefor.

In Sovereign Camp of the Woodmen of the World v. Welch, 16 Okl. 188, 83 P. 547, the Court, after quoting Greenleaf on Evidence, applied the text reasoning as the basis of syllabus 1, thus:

"Where intent of the party charged is a material inquiry, and the facts and circumstances shown in evidence leave the question of intent in doubt, the character of the party charged may be shown, to aid in the determination of such question."

Also see 154 A.L.R. 134, note b, bearing upon the question of admissibility of such evidence in civil actions on the issue of

which party is the aggressor; 6 C.J.S. Assault & Battery § 41a; 87 A.L.R.2d 969.

Other related contentions and extensive arguments are advanced in support of other claims of error. The principal part of these contentions and argument evolve entirely from defendant's interpretation of the evidence. These arguments basically involve questions going to the weight and credibility of the testimony, from which the jury determined the facts. Therefore, we do not consider them further by weighing the evidence, and do not substitute our judgment for that of the jury.

■ The remaining contentions are directed at various instructions contained in the trial court's charge to the jury. The trial court recessed the jury and gave the proposed instructions to counsel for the purpose of allowing ample examination, proposed correction and objections. Little or no progress was made and no proposed instructions were tendered. The trial court adjourned court with the understanding that he would instruct the jury the next day. However, counsel raised no further objections, and did not see fit to submit additional corrected or proposed instructions before the jury was instructed. Two instructions (Nos. 5 and 13) are shown to have been excepted to, but during the discussion with the court defendant's counsel announced that objection to these proposed instructions were withdrawn. We therefore do not consider alleged error as to these numbered instructions.

■ Instruction No. 4 embodied the language of the statute, 76 O.S.1961, § 9, to advise the jury as to the degree of force which may be used by a person to protect himself from injury. The objection is that the "probable" effect of the instruction misled the jury into the belief plaintiff had the right to use "all necessary force" including the right to assault defendant. The complaint that the instruction was not applicable to any issue raised by the evidence is without merit.

Both these noted instructions, as well as others to which complaint is directed have been reviewed individually, and in conjunction with the other instructions given, for the purpose of considering the asserted errors inhering in the trial court's instructions. Even assuming slight technical imperfections, examination of the record reflects that the trial court made or allowed every suggested amendment to the proposed instructions. In this respect the court was particularly clement in tendering counsel opportunity to present suggested instructions, and to suggest amendments or corrections to the proposed instructions. Careful review of the instructions affirmatively discloses the instructions given fully and fairly presented the issues raised as to each party's theory advanced for recovery and also by way of the adversary's defense. These issues having been submitted fully, the contentions asserting reversible error by reason of technical application, or based upon individual interpretation of the evidence are not well taken. And, from careful examination of the record it is apparent that trial of this case did not result in a miscarriage of justice, or involve violation of a substantial statutory or constitutional right.

Judgment affirmed.

JACKSON, C. J., IRWIN, V. C. J., and DAVISON, WILLIAMS, HODGES, LAVENDER and McINERNEY, JJ., concur.